## ROBINSON *v.* SWEARINGEN.

Decided October 31, 1891.

1. *Homestead—Abandonment.*

   A debtor's absence from his homestead for the period of six years, during which period he occupied another house owned by him, does not constitute an abandonment of the homestead where there was never an intention to change his residence.

2. *Homestead—Attachment.*

   A judgment sustaining a general attachment and ordering the property sold does not debar the debtor from asserting his right of homestead in the property at any time before sale.

APPEAL from *Sebastian* Circuit Court, Greenwood district.

JOHN S. LITTLE, Judge.

J. M. Robinson & Co. sued James Swearingen, and procured an attachment to be levied upon, among other lands, a tract of 160 acres which defendant claimed as exempt.

The attachment was levied on January 4, 1888. On June 26, 1888, all of defendant's lands were ordered sold under a prior attachment against Swearingen, but the 160 acres in controversy were not offered for sale by the sheriff, because Swearingen claimed to him that it was his homestead. On June 25, 1888, appellants had obtained judgment, with attachment sustained, on their claim, and at the next term, on February

5, 1889, upon written motion of appellants, of which appellee had due and legal notice, the court ordered the sale of the 160 acres under appellants' attachment (the prior attachment being satisfied by first sale). No schedule or application claiming the 160 acres as a homestead was made by appellee in this suit, or in any other suit, until June 12, 1889, after the land had been advertised for sale, when appellee applied to the clerk in vacation, filed his schedule claiming the same as a homestead, and asked for a supersedeas, which, though resisted by appellants, was issued by the clerk. At the next term, on September 13, 1889, appellants moved to dissolve the supersedeas on the grounds, first, that the lands were not owned and occupied as a residence at the time of levy, and second, that the claim of homestead came too late.

Swearingen testified that his family consisted of himself and wife; that he lived on his farm, out of which he claims the 160 acres in controversy as a homestead, from 1871 to 1881 or 1882, when he moved to Hackett City, eight miles away, and began merchandising, and lived there up to the time of the levy of the attachment; that he moved the bulk of his household furniture to Hackett City and rented for the first year, and then bought lots and built a cottage, in which he was living at the time of the attachment; that in the meantime he rented his farm to tenants, letting his head tenant occupy the residence, except one room and furniture which he kept for himself when he or his wife visited the farm, usually during rent time; that they called the farm "home," and intended going back there whenever he should quit merchandising, though he had no definite idea when or how soon that would be; that, after the levy on his lands, he moved to the farm, and the cottage in town was sold under attachment; that he always claimed the farm as his homestead, and never abandoned it; and that it was worth not more than $1500.

The court found that the 160 acres was defendant's homestead, and that it was not abandoned by his purchase and residence at Hackett City, that being a temporary residence; and declared the law for defendant on both grounds of the

motion, overruled the same, and made the supersedeas perpetual.    Plaintiffs have appealed.

*Winchester & Bryant* for appellants.

1.   As a matter of law the facts testified to constituted an abandonment.   11 N. W. Rep., 119; 13 *id.*, 748; 8 S. W. Rep., 13; 7 S. E. Rep., 874; 36 N. W. Rep., 647; 10 N. E. Rep., 550.   The burden of proving a *certain* intention to return is on the claimant.   28 N. W. Rep., 570; 28 *id.*, 579; Thomp., H. & Ex., 284; 15 Cal., 202.   Length of absence a strong circumstance.   18 Iowa, 7; 37 Ill., 230; Thomp., H. & Ex., 272; 28 N. W. Rep., 579; 12 *id.*, 607.   The acquisition of a new homestead is *conclusive*.   Thomp., H. & Ex., 279.

2.   A judgment sustaining an attachment and ordering a sale of the attached property is *res adjudicata* of every claim or right of the defendant, and if he fails to assert his homestead right before condemnation he is precluded thereafter. Thomp., H. & Ex., sec. 286; 13 Neb., 321; 14 N. W. Rep., 409; 15 Ind., 8; 91 Ind., 385; 29 *id.*, 507; 11 N. H., 868; 3 So. Rep., 527; 38 Oh. St., 530; 14 Ia., 320.   Review 48 Ark., 224; 33 *id.*, 454–465; Acts 1887, p. 90; 52 Ark., 290–296; *ib.*, 446; and insist that the claim must be made before condemnation.

*John H. Rodgers* and *J. L. Hendricks* for appellee.

1.   The finding of the court on a mere conflict of evidence will not be disturbed.   31 Ark., 476; 24 *id.*, 584; 36 *id.*, 260; 33 *id.*, 651; 38 *id.*, 139; 26 *id.*, 371; 43 *id.*, 296.

2.   A sale under an order of attachment is not a judicial sale.  (52 Ark., 290); though confirmation is necessary.  (*Ib.*, 447).   Attachment sales are execution sales.   14 Oh. St., 302; 38 *id.*, 530.   By Acts 1887, p. 90, the claim may be made *after sale* by husband or wife.   46 Ark., 159; S. W. Rep., January 19, 1891, p. 925.   The law is construed liberally (38 Ark., 212), and an order sustaining an attachment does not cut off the right.   48 Ark., 226; 51 *id.*, 87; 46

Texas, 478; Thomp., H. & Ex. (ed. 1878), secs. 727–8; (ed. 1880,) sec. 318; 3 Nevada, 182; 87 Am. Dec., 273.

**1. Abandonment of homestead.** HEMINGWAY, J. 1. A debtor entitled to claim a farm as exempt does not lose the right by a temporary absence for purposes of trade, where there was never an intention to change his residence, but a fixed and unqualified intention to preserve it. The facts that the absence extended over a period of six years, and that the debtor during that period occupied another house owned by him, tend to show a change of residence, but are not conclusive. *Euper* v. *Alkire,* 37 Ark., 283; *Tumlinson* v. *Swinney*, 22 Ark., 400.

The court having found that there was no abandonment, and there being evidence to support the finding, we cannot disturb it.

**2. Homestead in property attached.** 2. The effect, upon the defendant's right to exemptions out of attached property, of a judgment sustaining the attachment and ordering the attached property to be sold has been adverted to, but never announced, by this court. See *Irwin* v. *Taylor*, 48 Ark., 226; *Reynolds* v. *Tenant*, 51 Ark., 87; *Richardson* v. *Adler, Goldman & Co.*, 46 Ark., 43.

It is now contended that such judgment is conclusive that all the attached property is subject to sale thereunder, and bars any claim of exemptions out of it. The statute which regulates the manner of asserting a claim to exemption relates alike to executions, ' other process and attachments.'" Mansf. Dig., sec. 3006.

As to executions, it is established that the claim may be asserted at any time before sale (*Norris* v. *Kidd*, 28 Ark., 485); and we think it apparent that no distinction was intended or made, either in the constitution or statute, between ordinary executions, " other process " and attachments not specific, as to the right of the claimant to assert his claim. A judgment sustaining an attachment and ordering the attached property sold follows an inquiry quite apart from the defendant's claim of exemption, and is conclusive only as to the matters involved in the inquiry. We do not mean that

the claim of exemptions may not be set up and determined prior to or along with the issue upon the attachment, but simply that an ordinary determination of the latter does not include the former.   There is nothing in the record by which it appears that the court inquired into or adjudged the defendant's claim of homestead in the order of sale, and we can indulge no presumptions to that effect.   There being no adjudication of this right, the defendant was at liberty to assert it in a manner provided by statute at any time before sale, whereupon it becomes the duty of the clerk to issue the supersedeas.

The facts found by the court, upon evidence deemed by us sufficient, sustain the defendant's claim, and the judgment must be affirmed.