PUGSLEY *v.* TYLER.

## Opinion delivered October 15, 1917.

1. EVIDENCE—PERSONAL INJURIES—PREVIOUS NEGLIGENT ACTS.—In an action in tort, where the sole issue is one of negligence or non-negligence of a person on a particular occasion, evidence of previous acts of negligence is inadmissible.

2. AUTOMOBILES—NEGLIGENCE—PREVIOUS NEGLIGENT ACTS.—In an action for damages caused by frightening plaintiff's horse, evidence of defendant's previous acts of negligence is inadmissible.

3. APPEAL AND ERROR—INSTRUCTION AS TO INCOMPETENT EVIDENCE.—It is improper to instruct the jury to consider incompetent testimony, which has been admitted, for any purpose.

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; reversed.

*T. J. Crowder,* for appellant.

1. The verdict is not supported by the evidence. No negligence is proven. If appellant used such care as an ordinarily prudent person would have used under similar circumstances, he was not liable. He had the right to pass appellee using ordinary care.

The overwhelming preponderance of the evidence shows that appellee's mules did not run away until the car passed. The only negligence charged is the blowing of the horn, unreasonable speed and refusing to stop the car.

2. The court erred in giving instruction No. 10. It is erroneous and inconsistent. Evidence of a previous negligent act was not admissible. 8 Enc. of Ev. 939; 58 Ark. 454; 29 N. E. 869; 69 Pac. 356; 86 N. W. 272.

*T. W. Campbell* and *W. L. Pope,* for appellee.

1. The verdict is supported by the evidence. It was for the jury to say whether under all the circumstances the driver of the automobile was guilty of negligence. 122 Ark. 28.

Due care must be used. 116 Ark. 26; 102 *Id.* 354. The testimony shows negligence. 74 Ark. 478.

2. No objection was made to the evidence as to other acts of negligence except in one instance. The ad-

mission of incompetent evidence is harmless where the same facts had already been testified to as here, without objection.   103 Ark. 315; *Crawford* v. *State,* ms. op.   No objection was made as to the evidence otherwise admitted and can not complain.   54 Ark. 185; 78 *Id.* 284; 39 *Id.* 221. But the evidence was competent.   There is no better evidence of negligence than the frequency of accidents.   10 R. C. L. 940; 16 S. W. 480; 16 L. R. A. 209; 25 *Id.* 175; 91 U. S. 454; 9 L. R. A. (N. S.) 349; 23 *Id.* 204; 20 Col. 107; 16 Ky. L. Rep. 446; 61 N. H. 416; 52 *Id.* 528; 68 *Id.* 247.

On cross-examination a witness may be asked any questions which test his accuracy, veracity or credibility. 53 Ark. 387; 75 *Id.* 548; 99 *Id.* 616; 68 Ark. 606.

3.   There was no prejudicial error in instruction No. 10.   Only a general objection was made.   105 Ark. 575; 102 *Id.* 640; 97 *Id.* 358; 94 *Id.* 169; 96 *Id.* 531, etc.

HUMPHREYS, J.   Appellee brought suit against appellant in the Western District of the Clay Circuit Court to recover damages for injuries received through the alleged negligent driving of an automobile by appellant along a public highway so as to frighten the team and overthrow the wagon in which she, her children and husband were traveling.   The alleged negligence consisted in dashing up behind them at an unreasonable rate of speed and loudly and repeatedly sounding his horn and refusing to stop his automobile.   Appellant filed answer, denying the alleged acts of negligence.   The cause was tried before a jury upon the pleadings, oral evidence adduced by both appellee and appellant, and the instructions of the court.   A verdict was returned in favor of appellee for $600 and a judgment rendered in accordance therewith, from which an appeal has been prosecuted to this court.

Three alleged errors committed by the trial court are insisted upon here for reversal of the judgment.   The first is that the verdict is not supported by the evidence. As this case must be reversed for another reason, we refrain from discussing the evidence further than to say

that under the rule of this court on appeal, there is sufficient legal evidence to support the verdict. The rule is that if there is some legal, competent evidence to support the verdict, the judgment will not be disturbed on appeal. *Robinson* v. *Swearingen,* 55 Ark. 55; *Gazola* v. *Savage,* 80 Ark. 249; *Harris* v. *Ray,* 107 Ark. 281. Therefore, we have not examined the record with a view of ascertaining where the weight or preponderance lies, but simply for the purpose of ascertaining whether the verdict is supported by sufficient competent legal evidence.

(1-2) The second alleged error consisted in admitting evidence of a previous negligent act by appellant in driving his automobile. On cross-examination appellant was required to testify that he had run by George Brown's team in the night time, without any headlight on his automobile, and caused it to run away. Appellant objected to the question and answer and properly saved his exception. This court has adopted the rule, where the sole issue is one of negligence or non-negligence on the part of a person on a particular occasion, that previous acts of negligence are not admissible. *Railway Company* v. *Harrell,* 58 Ark. 454, and cases therein cited on this particular point. But it is said that appellant answered questions of similar import without objections and exceptions, and for that reason no prejudice could result to him on account of this particular question and answer. Upon examination of the other questions and answers, we find that appellant was able to exculpate himself from negligence. The answer to this particular question tended to show negligence on appellant's part. He was forced to admit that he had driven by a team on another occasion in the night time without a headlight on his automobile. This one previous negligent act may have influenced the jury in finding that the appellant was guilty of negligence on the particular occasion. At least, we cannot say the jury was uninfluenced by it. But it is further said that even if this character of evidence were inadmissible, no prejudice could result for the reason that the alleged negligence was established by other evi-

dence in the case. The rule contended for by appellant is only applicable where the alleged negligence is established by competent, undisputed evidence. *Farrell* v. *State,* 111 Ark. 180; *Carter* v. *Younger,* 123 Ark. 266, and cases cited therein on this particular point.

In the instant case, there is a sharp conflict in the evidence as to whether appellant was guilty of negligence in the manner alleged in the complaint. The court should have excluded this character of evidence when properly objected to.

The third and last alleged error consisted in giving Instruction No. 10, which is as follows: "You are instructed that the evidence with the respect to other teams becoming frightened at the automobile of the defendant will not be considered by you in the connection of the alleged negligence at the time of the alleged injury here. You will consider same only as it tends to affect the credibility of the defendant as a witness in this case, and the care ordinarily exercised by defendant in operating an automobile."

(3) It was improper to instruct the jury to the effect that they should consider this character of evidence for any purpose. Not being competent evidence to establish the issue joined, it was clearly error for the court to instruct the jury to consider the evidence as affecting the credibility of appellant, or tending to establish the care ordinarily exercised by appellant in operating an automobile.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.