SCHWAM *v.* REECE.

4-8510                                                       210 S. W. 2d 903

Opinion delivered May 10, 1948.

432

*Atlee Harris, Hale & Fogleman* and *Wils Davis*, for appellant.

*J. H. Spears, Rieves & Smith* and *James W. Wrape,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, F. A. Schwam, has appealed from three separate judgments rendered against him in circuit court growing out of a collision between an automobile driven by him and

a bus being driven by appellee, W. F. Reece, for appellee, W. Harry Johnson, doing business as Great Southern Coaches. The collision occurred on U. S. Highway 70, a four-lane paved highway, at a point near the eastern limits of the City of West Memphis, Arkansas, on November 18, 1946.

On January 2, 1947, appellee, W. F. Reece, filed suit against appellant. The complaint alleged that Reece was driving a bus east on one of his regular trips between West Memphis, Arkansas, and Memphis, Tennessee, for appellee, Johnson, about 4:10 p. m., when appellant, who was driving west in his automobile, negligently and recklessly left his right-hand side of the road and drove across the center line of the highway into the bus driven by Reece; that the impact of the collision rendered the bus uncontrollable and resulted in serious personal injuries to Reece for which he prayed damages in the sum of $25,000.

On March 28, 1947, appellee, People's Mercantile & Implement Company, filed a separate action in circuit court against appellant, Schwam, and appellee, Johnson, alleging that the collision of the automobile and bus was caused by the joint and several negligence of the drivers of both vehicles; that as a result of the collision, the bus ran off the highway and upon the property of the implement company adjacent to the south side of the highway and ran into and damaged two of the company's tractors in the sum of $2,553.95.

On April 7, 1947, appellant filed an answer and cross complaint in the action brought by Reece. Johnson was joined as a cross-defendant in the cross complaint in which appellant alleged that he suffered personal injuries and damages to his automobile in the sum of $18,250 as a result of the negligent operation of the bus by Reece while acting within the scope of his employment as a driver for Johnson.

On April 22, 1947, Reece answered the cross complaint of appellant. On the same date Johnson also answered and filed a cross complaint against appellant

praying for damages to the bus. Johnson and appellant filed separate answers to the complaint filed against them in the separate suit of People's Mercantile & Implement Company in which each denied the allegations of the complaint and alleged that the collision and resulting damages were caused solely by the negligence of the other. On May 7, 1947, appellant answered the cross complaint of Johnson in the action brought by Reece.

The cases were consolidated for trial before a jury resulting in separate verdicts and judgments against appellant, in favor of Reece for $2,500; in favor of Johnson for $2,000; and in favor of People's Mercantile & Implement Company for $2,553.95.

The first contention of appellant for reversal of the judgments is that the evidence is legally insufficient to support the verdicts. The evidence on behalf of appellee is to the effect that he was driving the bus east out of West Memphis and made a stop a short distance west of the point of collision and then proceeded eastward driving in the south lane of the highway at about 25 to 30 miles per hour, when he approached a slight hump in the highway. Reece testified: ''As I said, I slowed down a little bit to cross the hump in the highway. I had it in high gear then and was beginning to pick up a little speed. I guess I had went around ten or fifteen feet when I happened to notice a car coming down meeting me, sixty or seventy feet away, on the north side of the highway coming west. When he got about fifty feet in front of me he just darted in front of me, and when I seen he was going to hit me I pulled the bus to the right to try to keep him from hitting me, and he hit my left front fender a glancing blow, and the side of his car come on down and hit the side of it. When it did it knocked out my brakes, opened up the accelerator, and also jammed the steering system so that I couldn't get it straightened up in the road. And after it got started, naturally me being confused and all that I couldn't think to turn the key off, and the next thing I knew I was hitting the two tractors and the telephone pole.''

Reece also testified that the bus picked up speed after the collision until it struck the two tractors parked in front of the implement company 25 feet from the south side of the highway and then struck the pole where it came to a stop. The distance from the point of the collision to the tractors was estimated at 168 to 180 feet, and from the tractors to the electric power pole at 79 to 90 feet. Two witnesses who were passengers on the bus corroborated the testimony of Reece and stated that appellant, without giving a signal, crossed the center line of the road as though he intended to turn into a roadside restaurant located south of the highway.

J. R. Hayes, a resident of Little Rock, Arkansas, testified that he was driving east about a block behind the bus at the time of the collision and observed appellant suddenly turn his automobile across the center line of the highway into the bus on the south side of the road.

Witnesses for appellees and appellant testified that dirt, broken glass, and other debris were found on the south side of the highway after the collision, indicating the point of impact to be in the first lane south of the center line. The speed of the bus was estimated by various witnesses at 25 to 60 miles per hour and the speed of the automobile at 25 to 50 miles per hour.

Appellant is a grocery merchant at West Memphis and testified that he was returning from a trip to Memphis, Tennessee, with a load of groceries in his automobile at the time of the accident. He stated that he was driving in the south or center lane on the north side of the highway when he saw the "flash of a vehicle" come across the center line and strike his automobile. He did not see the bus until it was about four or five feet from him and was rendered unconscious and injured by the collision. He had not eaten lunch on the day of the accident, and stopped about two or three miles east of the point of collision and took a "couple of swallows" of wine from a pint bottle purchased in Memphis. About 2/3 of a bottle of peach or apricot "whis-

key'' was found in appellant's car after the collision. The bottle was between a pint and quart in size.

Appellant criticizes the testimony of certain witnesses as being unworthy of belief. He also states that the testimony of Reece that the bus was being operated in the extreme south lane of the highway is at variance with the physical fact that glass and debris were found in the first lane south of the center line of the road. It is also argued that, if the witness, Hayes, was driving 100 yards behind the bus, it would have been impossible for him to have seen the automobile of appellant cross the road in front of the bus, as he testified. It is true that the evidence is conflicting, but the jury, being the sole judges of the credibility of the witnesses, had a right to believe or disbelieve all, or any part, of the testimony of the various witnesses and to resolve any conflicts or inconsistencies in the evidence. The fact that glass and other debris were found in the first lane south of the center line of the highway would support the theory of appellees that appellant left his side of the highway and drove his car across the center line into the bus, whether Reece was driving in the first or second lane south of the center line. The jury chose to believe appellees' theory of the case which is supported by evidence that is substantial and sufficient to support the verdicts.

It is next contended that the court erred in denying appellant permission to make a closing argument against the cross-complainant and cross-defendant, Johnston. Appellant insists that he had this right under the 6th subdivision of 3 Ark. Stats. § 27-1727, which provides that the party having the burden of proof shall have the opening and concluding argument. The trial court fixed the order of argument by counsel of the respective parties as follows: Mr. Spears for Reece; Messrs. Hale and Davis for Schwam; Mr. Wrape for Johnson; Mr. Smith for People's Mercantile & Implement Co.; and Mr. Spears for Reece. It will be observed that appellant was not the original plaintiff in either of the suits. In the case filed by Reece, appellant made Johnson a cross-defendant and

Johnson cross-complained against appellant so that three parties had the burden of proof to make out their cases, namely: *Reece* v. *Schwam; Johnson* v. *Schwam;* and *Schwam* v. *Reece and Johnson.* There was also the suit of *People's Mercantile & Implement Co.* v. *Schwam and Johnson* in which the company had the burden of proof. It is obvious that it would have been impossible for the trial court to have permitted each party with the burden of proof to open and close the argument and that the statute relied upon by appellant is not adapted to the complex situation presented in the instant case where there are multiple parties plaintiff and defendant with separate interests.

Cases cited by appellant do not involve a situation where there are multiple parties plaintiff and defendant as a result of the application of the consolidation statutes (3 Ark. Stats., §§ 27-1304 and 27-1305). In 64 C. J., Trials, § 263, p. 246, it is said: "Where there are two plaintiffs, each having the right to open and close, or where several defendants plead over against each other, the order of their argument, as among themselves, rests within the sound discretion of the court." In support of this statement the textwriter cites the case of *Metropolitan Life Ins. Co.* v. *Shane,* 98 Ark. 132, 135 S. W. 836, where this court said: "It is urged by counsel for the intervener that the court erred in not permitting him to open and close the argument. This contention is made upon the ground that the burden of proof was on him to show that Louisiana Shane was insane and not legally responsible for her act at the time she killed the insured. But the court did permit the counsel for intervener to close the argument to the jury, and only allowed the plaintiff's counsel to make the opening statement in the case. In this case both the plaintiff and the intervener were seeking a recovery against the Insurance Company. Under the answer made by the Insurance Company the plaintiff was not entitled to recover without the introduction of testimony. As against the Insurance Company, the plaintiff and the intervener were equally plaintiffs, and each was a defendant against the other as to their rival claims for recovery against the Insurance Company.

As each would be entitled to begin and close the argument equally with the other in their actions against the Insurance Company, it was within the sound discretion of the trial court to determine the order of the argument.''

In *Dickinson, Receiver,* v. *McBride,* 127 Ark. 555, 193 S. W. 89, the court, in construing the statute relied upon by appellant, said: ''Of necessity, trial courts must be conceded a discretion in the conduct of proceedings before them, else, disorder will follow. If the statute in question is not mandatory, it certainly grants the power to trial courts to control the course of argument so as to conform to orderly procedure. Unless there is a clear abuse of discretion, this court will not interfere . . .'' We conclude that it was within the sound discretion of the trial court to designate the order of the several arguments in the instant case and that no abuse of that discretion has been shown.

Appellant next complains of the trial court's refusal to admit in evidence an alleged written statement of the witness, James Maynard. Maynard testified as a witness for Reece on direct examination that the latter was driving 25 or 30 miles per hour at the time of the collision. On cross-examination he was asked about a previous statement he allegedly made to Mr. Harris in which he said the bus was going 40 to 42 miles per hour. The alleged written statement was not signed by the witness nor was it otherwise properly identified for introduction as his statement. Moreover, the witness admitted that he made the previous statement to Harris concerning the speed of the bus and explained the circumstances under which it was made. In the case of *Humpolak* v. *State,* 175 Ark. 786, 300 S. W. 426, it was held that when a witness admits upon cross-examination that he made the contradictory statements about which he is questioned, there is no necessity for proving them and same are, therefore, not admissible in evidence. In that case the court approved the rule stated in 28 R. C. L. 224 as follows: ''But the great weight of authority is to the effect that a witness may be impeached by proof of prior contradictory statements, where he merely testified that he

does not remember, or has no recollection of making the statements referred to. Of course, if the witness admitted that he made the contradictory statements there is no necessity for proving them, and they are therefore not admissible in evidence.'' The court did not err in excluding the alleged written statement.

Appellant also offered, and the trial court refused to admit, the testimony of P. B. Powers to show the speed and manner in which Reece was driving the bus on another trip about 30 minutes prior to the accident and two or three miles from the scene of the collision. Appellant offered to show by the witness that Reece was driving about 50 miles per hour at that time and place. The general rule is that it is not competent for a witness to testify as to the rate of speed at which a party to an automobile accident operated his automobile on occasions or at places other than the one in question. Berry on Automobiles (7th Ed.), Vol. 5, p. 453; Blashfield's Cyclopedia of Automobile Law and Practice (Perm. Ed.), Vol. 9, § 6210. The case of *Pugsley* v. *Tyler,* 130 Ark. 491, 197 S. W. 1177, involved an action for injuries sustained when plaintiff's team, frightened by defendant's method of driving his automobile, overturned the wagon. This court held that it was error to require defendant to state whether, on another occasion, he had driven his automobile without lights past another person's team, frightening it. It was there said: ''This court has adopted the rule, where the sole issue is one of negligence or non-negligence on the part of a person on a particular occasion, that previous acts of negligence are not admissible.'' That case, like the one at bar, is to be distinguished from those cases involving the admissibility of evidence where it is shown that the speed at which the driver was traveling was one continuing act of negligence and not a separate and different act from the one involved in the collision. See *Missouri Pac. Transp. Co.* v. *Mitchell,* 199 Ark. 1045, 137 S. W. 2d 242; *Jelks* v. *Rogers,* 204 Ark. 877, 165 S. W. 2d 258. The offered testimony was too remote in point of time and place to be admissible. Appellant argues that the testimony was competent as bearing on the credibility of Reece, but no suggestion was made at

the trial that the jury's consideration of the offered testimony should be thus restricted.

Error is also assigned in the exclusion of the testimony of appellees' witness, Henley, relative to the distance from the place where the tractors were struck to the pole where the bus came to a stop. The witness stated that he made measurements several months after the accident from tire marks on the pavement, but did not know whether these marks indicated the same place the tractors were standing at the time of the collision. Since the witness was unable to accurately identify the correct place of measurement, the court properly excluded the testimony. Besides, appellant could not have been prejudiced by the exclusion of the testimony. The witness offered to state that the distance was 79 feet. The witness, C. D. Shaw, gave the same testimony as to the distance based upon measurements which were not questioned. Two other witnesses estimated the distance to be 85 to 90 feet, which was more favorable to appellant than the excluded testimony.

L. O. Winston, a passenger on the bus, was permitted to testify that immediately after Reece swerved the bus to the right to avoid the collision, and witness observed that the bus would strike the tractors, he called to Reece: "Throw on your brakes"; and the driver replied: "I have no brakes." The statements were spontaneous declarations uttered at the time of the occurrence of the collision and were clearly admissible as a part of the *res gestae*. *St. Louis & S. F. Ry. Co.* v. *Murray,* 55 Ark. 248, 18 S. W. 50, 16 L. R. A. 787, 29 Am. St. Rep. 32; *Beal-Doyle Dry Goods Co.* v. *Carr,* 85 Ark. 479, 108 S. W. 1053, 14 Ann. Cas. 48; *Arkansas Power & Light Co.* v. *Heyligers,* 188 Ark. 815, 67 S. W. 2d 1021; Anno. 91 A. L. R. 1129.

In a preliminary instruction outlining the respective theories of the several parties the trial court stated the contention of appellant as follows: "Schwam denies that the collision resulted from any negligent act of his. He contends that the collision was the result of the negligent conduct of Reece in that he was operating the bus at an

excessive and dangerous rate of speed; that he was moving from one lane of the highway to another in disregard for the traffic thereon, and that he failed to keep his bus under proper control. He seeks to recover from Johnson and Reece compensation for his alleged personal injuries and property damage.'' Appellant now insists that this part of the instruction was prejudicial because it failed to state the full details of appellant's contentions in that it did not properly apprise the jury of his contention that Reece drove the bus across the center line of the highway to the north side and into the car of appellant. A comparison of that part of the instruction to which complaint is made, with the allegations of the cross-complaint of appellant against Reece and Johnson shows that the court's charge substantially followed the identical language of the cross-complaint. The instruction given conformed to appellant's theory of the case as reflected by his cross-complaint and was not, therefore, prejudicial. *Dardanelle Pontoon Bridge & Turnpike Co.* v. *Croom,* 95 Ark. 284, 192 S. W. 280, 30 L. R. A., N. S. 360.

It is also argued that error was committed in permitting counsel for Johnson to cross-examine Reece's witness, James Maynard. Appellant says the interests of Reece and Johnson were identical and that their respective counsel improperly collaborated throughout the trial. In his brief, appellant does not set out the testimony or other proceedings in which the alleged error occurred, nor is there any reference to the transcript in connection with this alleged error. We find the contention to be without merit.

It is finally insisted that the forms of verdict submitted by the court were confusing to the jury. It is not suggested wherein the forms submitted were confusing, or that they are defective or erroneous. The forms clearly provide for findings for or against each party to the proceedings on every issue involved in the several cases, and we find no error in them.

No other errors are urged for reversal of the judgments, and they are affirmed.