HARPER *v.* DEES.

4-8641                                                  214 S. W. 2d 788

Opinion delivered November 15, 1948.

*Claude E. Love,* for appellant.

*McKay, McKay & Anderson,* for appellee:

WINE, J.    This action was instituted for property damage and personal injuries alleged to have been caused by the negligence of appellee in leaving her loaded lumber truck parked on East Main Street, near the city limits of Magnolia, which street is also a part of the State highway.    A trial of the case resulted in a verdict and

judgment for the defendant Dees, from which comes this appeal.

There is no substantial dispute as to the following facts:

1.   The accident occurred about 1:30 a. m., December 5, 1945, on one of the principal streets in the city of Magnolia, which street is also a part of a State highway leading from Magnolia to El Dorado, Arkansas.

2.   The truck of the appellee was parked on the street in front of appellee's home in the city of Magnolia.

3.   Appellant's automobile, driven by appellant, was virtually demolished in a collision with the parked truck of the appellee.

4.   The appellant sustained injury to his person as a result of the collision.

5.   There were corner street lights burning directly in front and to the rear of appellee's parked truck and there was a light on the porch of appellee's home.

The appellant urges reversal on four counts:

1.   *Exclusion by the Court of the Testimony of S. C. Speer.*   In chambers beyond the hearing of the jury, the trial court properly excluded the proffered testimony of S. C. Speer that he (Speer) had a similar collision with defendant's truck, parked at the same place, a few weeks prior to this accident.   The rule of this Court is set out in the case of *Pugsley* v. *Tyler,* 130 Ark. 491, 197 S. W. 1177: "This Court has adopted the rule, where the sole issue is one of negligence or non-negligence on the part of the person on a particular occasion, that previous acts of negligence are not admissible.   *Railway Co.* v. *Harrell,* 58 Ark. 454, 25 S. W. 117, and cases therein cited on this point."   This rule was reiterated in the more recent case of *Schwam* v. *Reece,* 213 Ark. 431, 210 S. W. 2d 903. 2d 903.

2.   *Refusal by the Court of Appellant's Requested Instruction No. I:* "You are instructed that leaving a motor vehicle parked on the highways of this State is a

violation of the law, and if you find from a preponderance of the evidence in this case, that the defendant negligently left her truck, parked on the highway and her negligence in leaving her truck parked on the highway was the proximate cause of the injury complained of, and you further find from a preponderance of the evidence that the plaintiff did not negligently contribute to the accident, then your verdict will be for the plaintiff.''

This requested instruction appears to have been drafted in contemplation of § 6769, Pope's Digest,. but said requested instruction is not a correct statement of the law and was properly refused by the trial court for the reason that it presumes that the mere parking of the truck, in itself, was unlawful as distinguished from the rule that it may be evidence of negligence.

3. *Plaintiff's Requested Instruction No. II:* ''If you believe from a preponderance of the evidence that the defendant was negligent in leaving her truck parked on Highway 82, in Columbia county, Arkansas, on or about December 5, 1945, as alleged in the complaint, and said truck was parked without light on said truck, or signal flares or lights to warn approaching traffic of the presence of said truck, and that her negligence in leaving an unlighted truck on the highway was the proximate cause of the injuries complained of, then your verdict will be for the plaintiff, in such an amount as you may find will compensate him for such injuries and damages, unless you further find from a preponderance of the evidence that the plaintiff, himself, was negligent, and that his negligence contributed to the injury complained of.''

The substance of this requested instruction was included and amply covered in other instructions given. It is well settled that the court's refusal to give a particular instruction is not error if the proposition of law contained therein is covered by other instructions given and the instruction complained of is not a binding instruction. *Lowe* v. *Hart,* 93 Ark. 548, 125 S. W. 1030; 53 Am. Jur., § 527. And it is equally well settled that the trial court is not required to duplicate or.repeat instructions. *Robb* v. *Woosley,* 175 Ark. 43, 295 S. W. 13. For

a wealth of cases on these points see West's Arkansas Digest, Vol. 16.

4. *Insufficiency of the Evidence to Support the Verdict and Judgment.* Finally, it is urged by appellant that the verdict and judgment are not supported by substantial evidence. In this, the appellant is in error. Appellant, himself, testified that he did not know what caused the accident. Upon direct examination by counsel appellant was asked: "What were the circumstances surrounding the accident—tell the jury just what happened. A. I don't know what caused it. I just run into it (the truck)."

It is abundantly clear from the testimony that the street at the scene of the accident was well illuminated and was of sufficient width to permit free passage of traffic.

This being a question of fact, the rule of this Court is as set out in *Pugsley* v. *Tyler, supra*: " . . . if there is some legal competent evidence to support the verdict, the judgment will not be disturbed on appeal. *Robinson* v. *Swearingen,* 55 Ark. 55, 17 S. W. 365; *Gazola* v. *Savage,* 80 Ark. 249, 96 S. W. 981; *Harris* v. *Ray,* 107 Ark. 281, 154 S. W. 499. Therefore, we have not examined the record with a view of ascertaining where the weight or preponderance lies, but simply for the purpose of ascertaining whether the verdict is supported by sufficient competent legal evidence."

The verdict of the jury and the judgment of the trial court are sufficiently supported by the evidence and the judgment is affirmed.

It is so ordered.