HALL v. YOUNG.

4-9382                                              236 S. W. 2d 431

Opinion delivered February 12, 1951.

*James P. Baker,* for appellant.

*David Solomon, Jr.,* for appellee.

MINOR W. MILLWEE, Justice. Appellee was awarded a verdict and judgment in circuit court against appellant for $1,400 compensatory damages and $100 punitive damages as the result of an automobile collision. The collision occurred about 9:00 p. m., March 11, 1950, while appellee was driving east on State Highway 20 about a mile west of Walnut Corner in Phillips County. Appellant and four other young men were returning to Marvell from a night club near Forrest City, Arkansas. Appellant and two of his companions had been drinking heavily since early in the afternoon and had stopped at Walnut Corner for the last drink shortly before the collision. It was raining and the highway was only 14 feet wide at the point of the collision. The shoulders of the road had been recently graded and were muddy.

We will not attempt to detail the testimony. It is sufficient to say that the jury was warranted in concluding that the collision was the proximate result of appellant's gross and wanton negligence in operating his car on a rainy night over the narrow, slippery road at an excessive speed while intoxicated. Under our holding in the recent case of *Miller* v. *Blanton,* 213 Ark. 246, 210 S. W. 2d 293, 3 A. L. R. 2d 203, the evidence, when viewed in the light most favorable to appellee, was sufficient to sustain the verdict for both compensatory and punitive damages.

A more serious question is presented with reference to the admissibility of certain evidence. On cross-examination of appellant, the following occurred: "Q. Jim, how many accidents have you been in while you were driving an automobile? Mr. Baker: I object to the question. The Court: The objection is overruled. Mr. Baker: Note my exceptions. A. Four, I believe." In *Pugsley* v. *Tyler,* 130 Ark. 491, 197 S. W. 1177, the defendant was required on cross-examination to state whether he had previously driven his automobile past another team of horses frightening them and causing the

team to run away. In holding that the trial court committed reversible error in admitting the testimony, Justice HUMPHREYS, speaking for the court, said: "This court has adopted the rule, where the sole issue is one of negligence or non-negligence on the part of a person on a particular occasion, that previous acts of negligence are not admissible."

In *Schwam* v. *Reece,* 213 Ark. 431, 210 S. W. 2d 903, we held that the trial court properly excluded evidence showing the speed and manner in which one of the parties were driving on another trip prior to the accident in question. See, also, *Harper* v. *Dees,* 214 Ark. 111, 214 S. W. 2d 788. There are cases where previous acts of negligence of the driver of a motor vehicle may be shown to establish his reputation as an incompetent driver; as where it is charged that an employer was negligent in selecting an independent contractor whose reputation as an incompetent driver was known, or should have been known, to the employer (*Ozan Lumber Co.* v. *McNeely,* 214 Ark. 657, 217 S. W. 2d 341); also where a father is charged with negligence in permitting a son to drive the father's automobile with knowledge of the son's recklessness. *Chaney* v. *Duncan,* 194 Ark. 1076, 110 S. W. 2d 21.

D. W. Galloway, a state policeman, testified that after making an investigation of the accident shortly before midnight, he talked with appellant at Marvell. Appellant told witness that he had been drinking "pretty heavy" and said: "I am pretty drunk." Galloway was then asked: "In your opinion was this man (appellant) intoxicated at the time of the accident?" Over appellant's objection and exception, Galloway answered: "I saw the defendant approximately forty-five minutes or an hour after the accident and he was, in my opinion, drunk at the time, and in my opinion, he was drunk at the time of the accident." It was shown that appellant made no statement to the witness as to whether he was drunk at the time of the accident. From other testimony given by Galloway and others it is also clear that the conversation with appellant occurred at least two hours after the collision. It was competent for the officer to state

whether appellant was intoxicated at the time of their conversation. *American Bauxite Co.* v. *Dunn,* 120 Ark. 1, 178 S. W. 934. There may be cases where a witness's observation of another person's appearance and conduct is such as to warrant an opinion of the witness as to the state of intoxication at some reasonable period of time prior to the making of such observation. But the circumstances in the instant case do not afford a proper basis for the officer's opinion that appellant was drunk at the time of the collision. This was one of the ultimate questions to be determined by the jury from all the facts and circumstances.

We conclude that it was error to admit the above testimony of appellant and Galloway. A majority of the court are also of the opinion that admission of this testimony resulted in such prejudice to appellant as to call for a new trial.

We have examined other assignments of error argued by appellant and find them to be without merit. The excessiveness of the verdict is argued, but this question may not arise on another trial. For the error indicated, the judgment is reversed, and the cause remanded for a new trial.