**A. A. INGERSOLL, Appellant,**

v.

**Martha MASON, Defendant and Frankie Lene Rachal, Intervenor, Appellees,**

**No. 15919.**

United States Court of Appeals
Eighth Circuit.

May 12, 1958.

Boyd Tackett, Texarkana, Ark. (Shaver, Tackett & Jones, Texarkana, Ark., on the brief), for appellant.

Seymour Scheffres, Chicago, Ill. (Dennis K. Williams, Texarkana, Ark., on the brief), for appellees.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

A. A. Ingersoll, appellant herein, brought this suit in United States District Court, Western District of Arkansas, Texarkana Division, against James Mason and Martha Mason, his wife, appellee herein, in which he sought money damages for injuries arising out of an automobile collision. James Mason and Martha Mason filed their joint answer and counterclaim, each asking that they recover damages for their injuries from Ingersoll. Frankie Lene Rachal, a minor, who was riding in the Mason car at the time of the accident, was allowed to intervene, seeking damages on her own behalf against Ingersoll. Diversity of citizenship and the statutory amount made for federal court jurisdiction. The case was tried and submitted to a jury on interrogatories pursuant to Rule 49(a) F.R.C.P., 28 U.S.C.A. Following return of the answered interrogatories, the court entered judgment dismissing the complaint of A. A. Ingersoll and the counterclaim of James Mason and awarding to Martha Mason judgment against A. A. Ingersoll for $3,916.25 as compensatory damages and the sum of $5,000 as punitive damages and judgment in behalf of the intervenor in the amount of $100 as compensatory damages. Ingersoll v. Mason, D.C.Ark.1957, 155 F.Supp. 497. Ingersoll appealed to this court from the judgment in favor of Martha Mason.

The accident out of which the case arose occurred on December 26, 1954, about 4:25 p. m. on U. S. Highway No. 67, a short distance north of Prescott, Nevada County, Arkansas. The appellant, A. A. Ingersoll, accompanied by his father, O. T. Ingersoll, had been proceeding in his pick-up truck in a southerly direction on the highway. At the same time James Mason, accompanied by his wife, Martha, the appellee herein, and her niece, the intervenor, all citizens of Illinois, was proceeding in a northerly direction in his automobile. As the cars approached each other, Ingersoll attempted to make a left-hand turn into a salvage lot yard operated by him and located on the east side of the highway. The two vehicles collided before Ingersoll had completed his turning movement.

Appellant claimed that he was operating his pick-up truck with care, that he had crossed the north-bound traffic lane of the highway, had gone onto the east shoulder of the highway and was proceeding south along the shoulder preparatory to turning into the driveway of his salvage yard when the Mason car came

around a curve at an excessive rate of speed, ran onto the shoulder of the road and struck his pick-up truck.

The testimony in behalf of the Masons was quite to the contrary, indicating that Ingersoll attempted to make a left-hand turn when it was not safe to do so and without giving a proper turning signal and that he was operating his truck while intoxicated, and that his acts and conduct were wanton, entitling them to punitive or exemplary damages.

Ingersoll claimed that the car James Mason was driving was jointly owned by James and his wife Martha; that they were on a joint enterprise so that the alleged negligence of James Mason would be imputed to his wife. He further contended that James Mason was operating the car as his wife's agent.

Six interrogatories on issues of fact were submitted to the jury. Questions of law and ultimate liability were reserved to the court. From their answers, the jury found that both Ingersoll and James Mason were guilty of negligence which proximately caused or contributed to the accident; that the Mason car was not owned jointly by James Mason and Martha Mason, but that Martha had, with James, an equal right of control with respect to the operation thereof; that all of the parties had sustained damages and that Martha was entitled to punitive damages in the amount of $5,000. Martha's compensatory damages were fixed by the jury at $3,916.25. Judgment was entered thereon as previously stated.

The appellant contends here:

"I. The Trial Court erred in refusing to hold that an agency relation existed between James Mason and Martha Mason and that, therefore, the negligence of James Mason was attributable to Martha Mason and barred her recovery.

"II. Alternatively, if the relation of principal and agent did not exist, then James Mason and Martha Mason were on a joint enterprise and, therefore, the negligence of James Mason was imputable to Martha Mason.

"III. The trial court erred in holding that Martha Mason was not guilty of contributory negligence.

"IV. The trial court erred in entering a judgment awarding compensatory and punitive damages in favor of Martha Mason and against appellant."

With reference to the first two claimed errors, the trial court held that under the law of Arkansas " * * * while 'joint enterprise' and 'agency' may be said to be separate theories, they are closely related, and before either can be established, it must be shown that Martha Mason had some right to control her husband in the management of the car," citing Lockhart v. Ross, 1935, 191 Ark. 743, 87 S.W.2d 73, and Stockton v. Baker, 1948, 213 Ark. 918, 213 S.W.2d 896, as to joint enterprise; and Watt v. United States, D.C.Ark.1954, 123 F.Supp. 906, as to agency. For another statement of Arkansas law on agency as between husband and wife see Rogers v. Crawford, 1952, 220 Ark. 385, 247 S.W.2d 1005, 1010, 1011.

In Stockton v. Baker, supra, quoting from its own statement in Lockhart v. Ross, the Arkansas Supreme Court said, at pages 899–900 of 213 S.W.2d:

" 'There must, * * * in order that two persons riding in an automobile, one of them driving, may be deemed engaged in a joint enterprise for the purpose of imputing the negligence of the driver to the other, exist concurrently two fundamental and primary requisites, to-wit, a community of interest in the object and purpose of the undertaking in which the automobile is being driven and an equal right to direct and govern the movements and conduct of each other in respect thereto. If either or both of these elements is absent, the absence thereof is fatal to the claim of joint enterprise.' "

With reference to the case of Rogers v. Crawford, supra, the trial court stated, at page 506 of 155 F.Supp.:

"In the fairly recent case of Rogers v. Crawford, 220 Ark. 385, 247 S.W.2d 1005, the Court cited with approval Silsby v. Hinchey, Mo.App., 107 S.W.2d 812, wherein it was held that as a general proposition a wife riding in her husband's car is simply deemed to be his guest, and that his negligence is not imputable to her since she lacks the right to control his actions, the reason for the rule being that he is in no sense of the law her agent or servant. After referring to that case the Supreme Court went on to say: 'In the application of Silsby v. Hinchey, to the case at bar it should be emphasized that under our decisions agency is not to be presumed from the relationship of husband and wife.' 220 Ark. at page 395, 247 S.W.2d at page 1011. And in 5A Am.Jur. 'Automobiles and Highway Traffic,' Section 817, page 761, it said that, 'Agency does not arise simply by showing a family relationship; there must be additional proof.' "

In Wisconsin & Arkansas Lumber Co. v. Brady, 1923, 157 Ark. 449, 248 S.W. 278, such additional proof, sufficient to establish a jury question as to the right of passenger-spouse to control the automobile driven by the other spouse was held to exist where such passenger was the owner of the car. There was no such "additional proof" in this case. Here the jury specifically found that the Mason car, the title to which was in James Mason, was not jointly owned by James and Martha.

Another Arkansas case where a non-driving spouse was held liable for damage occurring while his wife was driving his separately owned car was Johnson v. Newman, 1925, 168 Ark. 836, 271 S.W. 705. There the passenger-husband was "actually participating in the operation of the car by giving directions to his wife and by giving signals". 271 S.W. at page 707. In that case the actual control exercised by the passenger made it unnecessary to establish that a right to control existed, since the passenger "himself participated in the act of negligence which caused the collision". The case was then alternatively held submissible to the jury on the theory that the wife, while driving her husband's car, was acting as his agent. Clearly, Johnson v. Newman, supra, is not authority for the submission to the jury of the question of Martha's alleged right to control the Mason vehicle.

Over objection, and with reserved ruling, the court submitted to the jury an interrogatory in answer to which the jury had to say whether they found from a preponderance of the evidence that James Mason and Martha Mason each had an equal right to direct and govern the movements and conduct of each other with respect to the operation of the car at the time of the accident. The jury answered the interrogatory in the affirmative. The trial court subsequently found that there was no substantial evidence to justify the submission of that issue to the jury and accordingly sustained the objection, ruling on which had theretofore been reserved. In so concluding, the trial court stated, 155 F.Supp. 497, 505:

"On the question of control the undisputed evidence was to the effect that the accident occurred on the return portion of a round trip of the Masons and Frankie Lene Rachal from Chicago to North Louisiana, which trip was undertaken to enable Martha Mason to visit her sister, and Frankie Lene Rachal to visit her mother, and that James Mason did all of the driving, both on the trip down from Chicago and on the return trip up to the time of the accident. * * * *There was no direct evidence whatever tending to show that Martha Mason exercised or had any right to exercise any control over her husband in connection with his driving of the car.* Such being the case, the jury's finding that such right of control existed

must have been based on inference, and in view of the finding that the car was owned by James Mason exclusively, the inference must have been founded upon the mere fact that she was riding with her husband in his car on a visit to her people and those of her niece. We do not think that from a legal standpoint those naked facts are sufficient to sustain the inference, particularly when it is kept in mind that on this issue the burden was upon the plaintiff (Ingersoll) to establish imputed negligence by a preponderance of the evidence. Jones Truck Lines Inc., v. Argo, 8 Cir., 237 F.2d 649, 652." (Emphasis supplied.)

■■ We think that the trial court was thoroughly justified in taking from the jury the right to answer the interrogatory as to direction and control of the car. From the Arkansas cases discussed above it is clear that no agency or joint-enterprise relationship exists between married persons in the operation of an automobile, driven by one and ridden in by the other, unless the passenger has a right to control the car from his ownership of it, or the owner-driver agrees to or acquiesces in the passenger's assumption of its control and direction. Here the trial court properly held that only the ordinary relationship of husband and wife existed, and that Mason was driving his separately owned car. The circumstances and proof offered justify no other conclusion. After examination of all the Arkansas cases cited by appellant, we conclude that on the first two points he has failed to establish error.

■ Appellant's third point is that the trial court erred in holding that Martha Mason was not guilty of contributory negligence. No interrogatory bearing on that question was submitted to the jury or requested by either party. Under Rule 49(a), Federal Rules of Civil Procedure, 28 U.S.C.A., it became the duty of the court to make a finding thereon.[1] In holding Martha Mason not guilty of contributory negligence, the trial court stated, 155 F.Supp. at page 507:

"The plaintiff introduced no evidence tending to show that Martha Mason failed to use ordinary care for her own safety while riding in her husband's car, and the only basis for a possible finding of such a failure would be the testimony of the defendants and intervenor. All three of these people testified that James Mason was driving the car, that Martha Mason was sitting on the right-hand side of the vehicle, and that Frankie Lene Rachal was sitting in the middle of the front seat; all of them also testified that James Mason was operating the car in a careful and prudent manner. Martha Mason testified that during most of the trip she was watching the scenery, and that immediately prior to the collision she had turned to the rear of the vehicle to select a sandwich from a supply that had been prepared prior to the commencement of the journey. We cannot say from that testimony that Martha Mason was guilty of any lack of ordinary care for her own safety which directly and proximately contributed to her injury, and, therefore, we find that she was not guilty of contributory negligence."

■■ Appellant relies upon conflicting testimony with respect to the speed of the Mason car, the manner in which

---

1. Rule 49(a), F.R.C.P., 28 U.S.C.A., providing for special verdicts and interrogatories, carries a provision that if the court, in submitting the interrogatories to the jury, " * * * omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

it was being driven and the failure of Martha to do anything about it. Clearly here was presented a fact question for determination, in this instance, by the trial court. His finding of no contributory negligence cannot be said to be clearly erroneous, as it is based upon substantial testimony. This court may not disturb such finding.

■ The fourth claim of error has to do with the granting of punitive damages. Under the law of Arkansas a finding of wanton conduct on the part of a tort feasor will sustain an award of punitive damages. Miller v. Blanton, 1948, 213 Ark. 246, 210 S.W.2d 293, 3 A.L.R.2d 203; Texarkana Gas & Electric Light Co. v. Orr, 1894, 59 Ark. 215, 27 S. W. 66, 68. Cf. St. Louis, I. M. & S. Ry. Co. v. Dysart, 1909, 89 Ark. 261, 116 S.W. 224.

Martha Mason's amended counterclaim alleged:

"At said time and place, A. A. Ingersoll was intoxicated and was driving and operating the truck while under the influence of intoxicating liquor and his acts and conduct were wanton and cross-complainants are entitled to recover punitive or exemplary damages."

On instructions, to which no exceptions were taken, the jurors were informed that in the exercise of their discretion they could, under certain circumstances, grant punitive damages for misconduct. In answer to Interrogatory No. 6, the jurors stated that Martha Mason was entitled to an award of punitive damages and fixed such amount at $5,000. In the trial court's opinion, it stated, 155 F.Supp. at page 502:

"* * * it may be said that there was substantial, if not overwhelming evidence to the effect that at the time of the accident the plaintiff was operating his pick-up while in a seriously intoxicated condition, and under Arkansas law such evidence is sufficient to justify an award of punitive damages." Citing Miller v. Blanton, 1948, 213 Ark. 246, 210 S.W.2d 293, 3 A.L.R.2d 203, 212, and Hall v. Young, 1951, 218 Ark. 348, 236 S.W.2d 431, 20 A.L.R. 2d 1207.

■ We shall make no attempt here to give in detail the evidence respecting the intoxication of Ingersoll at the time of the accident. Suffice it to say that we have examined the record and it fully supports the trial court's statement that the appellant was in a seriously intoxicated condition. In Miller v. Blanton, supra, relied upon by the trial court, the Supreme Court of Arkansas held, at page 294 of 210 S.W.2d:

"In the absence of proof of malice or wilfulness, before punitive damages may be awarded, it must be shown that there was on the part of the tort feasor a 'wanton disregard of the rights and safety of others.' Texarkana Gas & Electric Light Co. v. Orr, 59 Ark. 215, 27 S.W. 66, 68, 43 Am.St.Rep. 30."

In that case evidence of defendant's intoxication while driving was held to be a proper basis for a jury finding of the degree of wantonness required to support an award of punitive damages. Hall v. Young, cited by the trial court, supra, further supports the trial court's submission of the question of punitive damages to the jury where the evidence indicates that the person charged was driving his vehicle while intoxicated. See also Vogler v. O'Neal, 1956, 226 Ark. 1007, 295 S.W.2d 629.

We have considered all matters raised by the appellant and find no error.

Affirmed.