305 So.2d 275 (1974)
ALLSTATE INSURANCE COMPANY et al., Appellants,
v.
Jose Manuel RUIZ, Appellee.
No. 73-1256.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 22, 1975.
Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellant.
William F. Sullivan, IV, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
The central issue on this appeal is whether the question of plaintiff's being barred from a tort action by the provisions of the Automobile Reparations Reform Act is a question for the court or a question for submission to the jury. The appellant *276 has raised as a defense the claimed failure of the plaintiff to qualify under the act for a tort suit. The trial court initially determined the question as a matter of law holding that a justiciable issue was raised and that, therefore, the court had jurisdiction. Subsequently, the trial judge held that the question was one solely for the court. The court then determined that a prima facie case was made for exemption from the provisions of the act. Therefore, the jury was not instructed upon the issue as an affirmative defense. However, in order to expedite the disposition of this particular case, the trial judge submitted to the jury an interrogatory asking whether the plaintiff was "permanently injured." The plaintiff had claimed the right to sue because of the permanency of the injury. The jury answered the question in the negative, although it had previously brought back a verdict for the plaintiff in the amount of $7,750.
On this appeal, the appellant contends that the appellee was not entitled to a judgment upon the jury verdict inasmuch as the factual issue was properly determined by the jury against the plaintiff and because the plaintiff had a cause of action for property damage only. The appellant, therefore, requests that we return the cause to the trial court with directions to assess for property damages only.
The plaintiff-appellee, upon the other hand, urges that the recent Supreme Court case of Lasky v. State Farm Ins. Co., Fla. 1974, 296 So.2d 9, supports the trial judge in the holding that the initial determination as to whether the plaintiff has presented a prima facie case which is not barred by the provisions of the Florida Automobile Reparations Reform Act should be made by the trial judge first at the pleadings stage, second at the summary judgment stage and third at the directed verdict stage. He further contends that having made that determination, the entire trial should not be frustrated by submission to the jury for a factual determination where the effect might well be to render the trial a useless act.
We have carefully examined the opinion in Lasky v. State Farm Ins. Co., supra, and we feel that the opinion does not authorize the determination of the factual question by the court to the exclusion of the jury. That the matter is one of substance clearly appears from the careful attention given by the Supreme Court to the question of the constitutionality of the act in all of its ramifications. In discussing the right to trial, the court said:
"We note initially that the no-fault law does not on its face purport to deal with trial by jury in any regard, and that accordingly any such deprivation must result, if at all, from the application of the act. The only manner in which the jury trial rights of appellants are involved is found in the tort liability exemption provisions; that is to say, appellants are deprived of their right to a jury trial only in those cases where preexisting tort liability has been abolished by the act, removing the cause of action which would have been triable by a jury.
"Does the abrogation of an existing cause of action, triable by jury, violate the right to jury trial? If such is the case, the Legislature would lose a great deal of flexibility, for it could not enact laws such as workmen's compensation acts, which abrogate a preexisting right to jury trial. As was stated by the U.S. Supreme Court in Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917), with respect to the Washington workmen's compensation law:
`[W]e find nothing in the act that excludes a trial by jury. As between employee and employer, the act abolishes all right of recovery in ordinary cases, and therefore leaves nothing to be tried by jury.' 243 U.S. at 235, 37 S.Ct. at 264. (Emphasis added)
"Similarly here, the no-fault act abolished all right of recovery of specific items of damage in specific circumstances, and, as to those areas, leaves *277 nothing to be tried by a jury. See also, Opinion of the Justices, 113 N.H. 205, 304 A.2d 881 (1973), reaching a similar result as to New Hampshire's no-fault insurance act, and our own previous decisions upholding the validity of our workmen's compensation act. While the abolition of a cause of action triable by jury might in some instance be unconstitutional on another ground, the present statutory provisions do not violate the right to trial by jury."
We think it follows that inasmuch as a different entity will be responsible for plaintiff's damages in event it is determined that the injury is non-permanent or does not meet the threshold as to amount and type of damage, then the ultimate decision must be left to the jury.
Therefore, this cause is remanded to the trial court with directions to enter a judgment in accordance with the findings of fact made by the jury and to assess as damages for the plaintiff only such amounts as appear to have been proved as property damages.
Reversed and remanded with directions.