443 So.2d 293 (1983)
Felix MARTIN and Government Employees Insurance Company, Appellants,
v.
Bill YOUNG and Eddrest D. Young, Appellees.
No. 82-1920.
District Court of Appeal of Florida, Third District.
December 27, 1983.
Mitchell, Harris, Canning, Murray & Usich, Miami, for appellants.
Horton, Perse & Ginsberg, Brumer, Cohen, Logan & Kandell, Miami, for appellees.
*294 Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
In a personal injury action arising out of an automobile collision, the trial court directed a verdict in favor of plaintiffs, finding that both liability and the statutory threshold requirements under Florida's no-fault statute[1] were established as a matter of law. The jury then awarded plaintiffs $100 in compensatory damages and $50 in punitive damages. The trial court entered an order granting a new trial on the issues of compensatory and punitive damages. Defendants appeal, contending that the trial court erred in granting a new trial, and in directing a verdict on the issue of the permanency of plaintiff's injuries under the no-fault statute's threshold requirements.
We affirm the directed verdict on the no-fault threshold issue. Although the issue is ordinarily a factual one for submission to a jury, see, e.g., Allstate Insurance Co. v. Ruiz, 305 So.2d 275 (Fla. 3d DCA 1974), here the directed verdict for the plaintiffs was proper in that there was no conflict in the medical evidence and no other reasonable inferences to be drawn from that evidence. See Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968). We also affirm the granting of a new trial on the compensatory damages issue because defendants have not demonstrated that the trial court abused its discretion. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
We reach a different conclusion on the punitive damages issue. The claim for punitive damages was based on alleged "willful and wanton conduct" on the part of defendant Martin in operating a vehicle with defective brakes. The defendant's uncontroverted testimony is that he was aware of a slow leak somewhere in his braking system which required a periodic "topping off" of the brake fluid reservoir; that he had never before experienced a total brake failure; that prior to the accident the brake pedal was "hard". He further stated that he previously had taken the automobile to a mechanic who was unable to locate the leak. The officer who investigated the accident testified that when he tested the brakes on defendant's vehicle at the accident scene, they appeared to be working properly.
The character of negligence necessary to support an award of punitive damages was defined by the Florida Supreme Court in Carraway v. Revell, 116 So.2d 16, 20 n. 12 (Fla. 1959) as:
... of `a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.' [cites omitted].
We agree with defendants that the evidence in the record does not support a claim for punitive damages and that, therefore, the issue should not have gone to the jury.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] See § 627.737(2), Fla. Stat. (1981).