ON MOTION FOR REHEARING
PER CURIAM.
Following our affirmance in this case without opinion, 502 So.2d 428, we received a letter from the appellants which we treat as a pro se motion for rehearing. We deny the motion, but with the following brief statement of the reasons for our affirmance in this case.
The appellants, the plaintiffs in an action for personal injuries, appealed from a final judgment entered upon a jury verdict in favor of the defendants. We found no abuse of discretion by the trial judge in denying the appellants’ motion for a new trial. In that motion, and as their sole issue on appeal, the appellants argued that the cumulative effect of questioning which revealed John McCarthy’s statement made after his wife’s fall that David Zdenek had “better see his lawyer,” testimony as to the date upon which the appellants retained their attorneys, and a question put by the defense to the appellants’ treating physician “Dr. Janick, in your opinion, do you think this court hearing is a farce?” had the cumulative effect of gravely impairing a calm and dispassionate consideration of the evidence and the merits of the case by the jury. While we agree that the alleged litigiousness of the appellants was certainly not an issue, and thus the foregoing evidence was entirely irrelevant to the case, we concluded after reviewing the record that the issue of litigiousness was not, as the appellants argued, a feature of the case. Therefore, we did not believe that the trial was unfair to the appellants and that the appellants were entitled to a new trial on that basis. In sum, this case does not come within the proscription against the issue of litigiousness as expressed, for example, in Zabner v. Howard Johnson’s, Inc., 227 So.2d 543 (Fla. 4th DCA 1969).
DANAHY, C.J., and SCHEB and SCHOONOVER, JJ., concur.