534 So.2d 1176 (1988)
Kevin D. LABERGE, Appellant,
v.
Janis R. VANCLEAVE, Appellee.
No. 87-1960.
District Court of Appeal of Florida, Fifth District.
October 27, 1988.
On Motion for Clarification December 15, 1988.
James E. Glatt, Jr., of Malone, Beers, Glatt & Wyatt, Orlando, for appellant.
*1177 Robert J. Felice, Fern Park, for appellee.
SHARP, Chief Judge.
Laberge appeals a directed verdict against him on liability, and the trial court's order granting a new trial on damages. The case arose out of a motor vehicle accident in which Laberge's automobile struck Vancleave's from the rear, and she suffered an injury to her neck or upper spine. The issue at trial was whether Vancleave suffered a permanent injury pursuant to the "threshold" requirements of section 627.730, Florida Statutes (1985).
Based on conflicting testimony given by expert witnesses, the jury found no permanent injury was proven. One expert testified that Vancleave suffered permanent soft tissue injury; the other said he found no permanent physical injury, but expressed no opinion as to permanent soft tissue injury. The trial judge directed the verdict against Laberge primarily because Laberge's expert refused to opine on the issue of permanent soft tissue injury. We reverse. Regardless of the quality of the experts' testimony, (we hasten to add, we can fault none of it in this case) the question of whether a plaintiff has suffered a permanent injury is one for the jury. See Tripp v. Killam, 492 So.2d 472 (Fla. 4th DCA 1986); Martin v. Young, 443 So.2d 293 (Fla. 3d DCA 1983); Allstate Insurance Co. v. Ruiz, 305 So.2d 275 (Fla. 3d DCA 1974). On this issue, there was a conflict in the evidence in this case.
Further, a directed verdict should be affirmed only where, viewing the evidence in a light most favorable to the nonmoving party, the trier of fact could not have reasonably differed on the finding of essential material facts. Plotch v. Gergory, 463 So.2d 432 (Fla. 4th DCA 1985). Because the claimed injury was subjective (not based on organic evidence), it is obvious the jury could have disbelieved the plaintiff's claims of continued pain.
REVERSED.
DANIEL, J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
I concur with the majority result for the reason that the jury in this case had the right to disbelieve both the plaintiff as an interested witness[1] and the opinion testimony of her expert witness.[2]

ON MOTION FOR CLARIFICATION
SHARP, Chief Judge.
Upon motion for clarification or rehearing, we add to our prior opinion the following.
We reject appellee's additional argument that remarks made by Laberge's attorney during closing argument concerning Vancleave's first treating physician (who did not testify), were so outrageous and improper as to merit a new trial. Not all were objected to, and thus these errors were not preserved for appellate review. We agree that later comments by Laberge's attorney that plaintiffs' attorneys routinely ask eight to ten times "what a case is worth" were improper. We do not countenance such remarks. However, they do not relate to the issue of permanency vel non of the injury. The jury's determination that there was no permanent injury obviates any necessity to retry the damage issue in this case, since it is determinative of the lawsuit.[1]
Accordingly, we reverse the orders for directed verdict and new trial appealed in this case and remand for entry of a judgment consistent with this opinion.
COBB and DANIEL, JJ., concur.
NOTES
[1] Armour & Co. v. Doig, 45 Fla. 162, 34 So. 249 (1903).
[2] See Robertson v. Robertson, 106 So.2d 590 (Fla. 2d DCA 1958).
[1] § 627.737(2) and (3), Fla. Stat. (1985); Calhoun v. New Hampshire Ins. Co., 354 So.2d 882 (Fla. 1978) (plaintiff may not relitigate if jury verdict of negligence results but jury does not find permanency under § 627.737).