543 So.2d 874 (1989)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Linda EDENFIELD, Appellee.
No. 88-0280.
District Court of Appeal of Florida, Fourth District.
May 31, 1989.
Janet DeLaura Harrison of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Rockledge, for appellant.
Steven L. Perry of Crary, Buchanan, Bowdish & Bovie, Stuart, for appellee.
PER CURIAM.
REVERSED. We believe the trial court abused its discretion in ordering a new trial after a jury had determined that the appellee did not sustain a permanent injury within the meaning of Florida's tort claim statute, section 627.737(2), Florida Statutes (1987). Our review of the record reflects the existence of conflicting evidence on this issue, including conflicting medical expert opinions. The appellee contends that the medical expert, relied upon by the appellant to contest appellee's claim of permanent injury, testified only as to permanent impairment, and conceded on cross-examination that other physicians might be in a better position to evaluate appellee's injury. We believe a fair reading of the expert's testimony would permit a jury to conclude that the appellee would not suffer permanent effects from her automobile accident. Under such circumstances, the jury, as the trier of fact, should be permitted to resolve the issue. McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988).
ANSTEAD, WALDEN and GUNTHER, JJ., concur.