GARRETT, Judge.
The wife, who waived any claim for periodic alimony, appeals the trial judge’s plan of equitable distribution. We address one part of the plan and certain final hearing evidentiary rulings.
The husband was the sole owner of 1,255,000 shares of a corporation that he helped to develop during the latter part of their fourteen year marriage. The shares were registered in the husband’s name so the wife did not have to sign corporate papers. At final hearing, the wife claimed that the stock should be valued at the market price of two dollars a share. However, because sale of the stock was restricted, the husband’s expert testified the stock was only worth eighty-five cents a share. The trial judge awarded the wife lump sum alimony of $300,000 as part of the plan of equitable distribution.
The twelve page Final Judgment of Dissolution of Marriage prepared by husband’s counsel states:
The Wife has completely failed to prove any facts constituting justification for an award of lump sum alimony other than the mere existence of her marriage (emphasis added) to the Husband. There is no practical or legal justification for making an equal distribution to her of the Husband’s interest in the most valuable of the marital assets_ All equitable considerations clearly favor justification in support of a decreased award (emphasis added) to her.... * * * The extent of the adulterous affair by the Wife was a consideration. * * * This is the type of case where the ‘errant spouse has destroyed the marriage and claims benefits equal to those which would have been provided had it remained intact.’
The husband presented extensive evidence of the wife’s long term extramarital relationship with another man. Because of evidentiary rulings, the wife was thwarted in her attempt to establish the husband’s adultery.
The wife’s lump sum alimony award was a reduced amount because of her adulterous behavior. The trial judge’s method of reduction was to value the stock at its restricted worth instead of the market price. That cost the wife $1,432,250 (over three times what she received under the entire plan). We agree that a trial judge may consider the adulterous behavior of a marriage partner when determining the amount of lump sum alimony as part of an equitable distribution plan. § 61.08, Fla.Stat. (1987). However, we believe that any reduction of the adulterous partner’s otherwise appropriate award should also be equitable. We find an abuse of discretion as the reduction amount is inequitable. We note that when the husband was unemployed the wife went to work on an assembly line to supplement their allotment of food stamps. To create the seed money for the corporation the wife signed a mortgage on the marital home and personally guaranteed a $400,000 loan. The wife testified that the husband told her (while pregnant with their third child) to have an abortion because they needed her income. She had the abortion in 1979 and their marriage knot began to unravel. In 1980 the wife began her adulterous relationship.
Accordingly, we reverse and remand for the trial court consistent with this opinion to devise a new plan of equitable distribution. All other economic issues are dependent upon the new plan.
What is bad for the goose should also be bad for the gander. The wife testified that in 1982 she confronted the husband and his girlfriend snuggling at the airport before they boarded an airplane to Las Vegas. The wife attempted to elicit testimony from another witness that throughout the marriage the husband had committed adultery with various women.
Relevant evidence is evidence tending to prove or disprove a material fact. § 90.401, Fla.Stat. (1987). All relevant evidence is admissible, except as provided by law. § 90.402, Fla.Stat. (1987). Evidence which has “a tendency to establish a fact in controversy or to render a proposition more *1328 or less probable” is relevant. Zabner v. Howard Johnson’s Inc., 227 So.2d 543, 545 (Fla. 4th DCA 1969).
Our review of the final hearing record convinces us that the trial judge’s erroneous relevancy rulings prevented the wife’s counsel from conducting a proper interrogation of the witness in his attempt to establish the husband’s adultery. Such proof could have lessened the impact of the wife’s adultery on the marriage.
On remand, the trial court should give the wife an opportunity to introduce evidence of the husband’s adulterous relationships, if any.
GLICKSTEIN and DELL, JJ., concur.