564 So.2d 1249 (1990)
Annie Dunn COLVIN, Appellant,
v.
Kenneth Paul WILLIAMS, Appellee.
No. 88-3414.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
*1250 Stephen R. Koons of Powers and Koons, West Palm Beach, for appellant.
Mark F. Kasperovich of Flanagan & Maniotis, P.A., West Palm Beach, for appellee.
PER CURIAM.
Annie Dunn Colvin appeals an adverse jury verdict and the denial of a new trial in her suit against appellee for damages arising out of an automobile accident. We affirm in part and reverse in part.
Appellant's first point on appeal argues the trial court erred in failing to grant her a directed verdict on the issue of permanent injury. Without going into a detailed recitation of the testimony of the various witnesses, suffice it to say that the medical testimony, as well as Ms. Colvin's, was all fairly consistent as to the occurrence of permanent injury as a result of the subject accident. However, there was also considerable testimony concerning Ms. Colvin's prior injuries, and the fact that various doctors had ascribed various permanency ratings for those prior injuries. The courts of appeal have generally held, particularly in the case of soft tissue injuries, that the existence of permanent injury, vel non, is a jury question. Tripp v. Killam, 492 So.2d 472 (Fla. 4th DCA 1986); LaBerge v. Vancleave, 534 So.2d 1176 (Fla. 5th DCA 1988); Allstate Insurance Company v. Edenfield, 543 So.2d 874 (Fla. 4th DCA 1989).
In cases such as this, where the doctors' opinions concerning the occurrence of a permanent injury related to the subject accident are, at least in part, based on the patient's complaints of pain, absent objective signs of injury such as a broken bone, facial scarring, or the like, the jury is free to disbelieve the plaintiff's testimony as to his or her continuing pain and discomfort. Accordingly, under the facts in this case, the question of permanent injury was properly one for the jury. We therefore affirm as to point I.
In her second point, appellant contends that it was prejudicial error for the appellee's counsel to put testimony before the jury pertaining to appellant's prior litigation claims. Indeed, the trial court had granted a motion in limine in favor of the plaintiff on this issue prior to trial. While appellee argues that appellant failed to preserve the issue by failing to get a specific ruling from the trial court on this point, we hold that it was sufficient for appellant to raise the objection. It is the trial court's responsibility to make a dispositive ruling on all objections or motions that are properly brought before it. We can hardly fault a litigant, once a proper objection has been lodged with the court, if the court's response is something other than a clear "sustained" or "overruled." In this case, it appears that the trial court responded to appellant's objection by simply saying "fine." (We would infer that if the trial court intended to prevent appellee's counsel from asking further questions in this area, the court would have been clearer in its response to appellant's objection.)
The question of any prior litigation for personal injury by the appellant was not relevant to the issues in the trial below. See Zabner v. Howard Johnson's *1251 Inc. of Florida, 227 So.2d 543 (Fla. 4th DCA 1969). The trial court had so indicated in granting appellant's motion in limine. While the question of prior injuries was relevant, this inquiry could have been conducted without reference to the use of permanent impairment ratings in connection with litigation. Accordingly, we hold that this was reversible error, and reverse and remand for a new trial.
AFFIRMED IN PART AND REVERSED IN PART.
DELL and POLEN, JJ., concur.
GARRETT, J., dissents with opinion.
(POLEN, J., did not attend oral argument but reviewed tape of proceedings.)
GARRETT, Judge, dissenting.
I would affirm as to all issues. Appellant attempted to prove that the present accident aggravated a preexisting condition. Her medical history which she introduced included impairment ratings for related injuries. The indirect reference to appellant's prior litigation occurred on cross examination when appellee asked a medical expert witness to explain what a permanent impairment rating is, why it is given, and its medical significance. The witness responded that permanent impairment ratings have no medical significance, but were used for litigation purposes. Such testimony never became the feature of the trial. See McCarthy v. Zdenek, 508 So.2d 408 (Fla. 2d DCA 1987).
The case relied upon by the majority, Zabner v. Howard Johnson's Inc. of Florida, 227 So.2d 543 (Fla. 4th DCA 1969), concerned prior litigation for unrelated injuries and commercial claims, but recognized that:
a plaintiff may properly be cross examined as to [her] injuries, physical condition, claims or actions for injuries similar to that constituting the basis of the present action for the purpose of showing that [her] present physical condition is not the result of the injury presently sued for but was caused wholly or partially by an earlier injury or pre-existing condition. (Citation omitted.)
Id. at 545.