612 So.2d 725 (1993)
Todd ZENCHAK, Appellant,
v.
Ernest KAEUFER and Betty Kaeufer, Appellees.
No. 91-3421.
District Court of Appeal of Florida, Fourth District.
February 3, 1993.
*726 Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Frank W. Weathers of Weathers & Knapp, Lantana, for appellant.
Eric Hewko of Hall, Hewko & Leibovit, P.A., West Palm Beach, and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellees.

CORRECTED OPINION
GUNTHER, Judge.
This is an appeal of an order declaring a mistrial after a jury verdict was returned in favor of the appellees. During the course of the trial, the appellees moved for a mistrial. The trial court withheld ruling on the motion until the trial's conclusion. After the jury returned its verdict, the trial court considered the motion and determined that appellant's questioning of appellees concerning the settlement of a prior accident claim required a mistrial, relying on Zabner v. Howard Johnson's Inc. of Fla., 227 So.2d 543 (Fla. 4th DCA 1969) and Colvin v. Williams, 564 So.2d 1249 (Fla. 4th DCA 1990). We do not read either Zabner or Colvin to require a mistrial in this case and, therefore, we reverse.
Appellees, husband and wife, were involved in an automobile accident in 1989, and brought suit to recover for soft tissue injuries to the neck and back. The wife had been involved in another automobile accident in 1983, and had suffered identical injuries. At trial, in an attempt to show that the wife would recover from her current injuries after the instant lawsuit ended, appellant asked the wife if she had settled her 1983 accident claim in 1987. Appellees objected to the question and moved for a mistrial. The trial court sustained the objection and withheld ruling on the motion. The jury returned a verdict in favor of the appellees. The jury did not specifically find that the appellees sustained any permanent injuries.
The trial court then ruled that the appellant's questioning of the wife was improper and declared a mistrial relying on this court's holdings in Zabner and Colvin. As indicated earlier, both of these cases are factually distinguishable.
In Zabner, the defendant sought to question the plaintiff about plaintiff's fifteen prior lawsuits. This court held that where the previous lawsuits had no relevancy to the injuries currently before the trial court, the other lawsuits could not be mentioned. We also stated, however, that a plaintiff may properly be questioned about prior lawsuits or claims for injuries similar to those complained of in the present lawsuit trial. 227 So.2d at 545 (citation omitted).
In the present case, the wife had been given a seven percent permanent impairment rating to her neck as a result of the 1983 accident; therefore, she could only presently recover if the 1983 injury had been aggravated. Her doctors testified that the wife had stopped treatment for her 1983 neck injury in 1987. Appellant wanted to present evidence that would show the wife stopped all treatment after she settled her prior claim. Under Zabner, this line of questioning was permissible because it was *727 relevant to determine the credibility of the wife's testimony regarding her soft tissue injuries sustained in the 1989 accident.
In Colvin, the trial court granted a motion in limine expressly denying the use of plaintiff's prior litigation in the current trial. On cross examination defendant asked a medical expert to explain the medical significance of an impairment rating. The expert replied that impairment ratings were used only for litigation purposes. The trial court denied the plaintiff a new trial after an adverse jury verdict, and this court reversed. 564 So.2d at 1250. We held in that case that prior litigation was not relevant to the current trial, and that the trial court had so determined in the motion in limine. 564 So.2d at 1250-51.
In the present case, there was no motion in limine prohibiting the mention of prior litigation. Further, the question concerning the settlement date of the 1983 accident was relevant to determine the likelihood of the wife's complaints of injury in the future. Thus, the inquiry was permissible.
The trial court's order for mistrial also states that appellant's question to the wife impermissibly raised the inference of litigiousness. We are unable to discern from the record how appellant's question concerning the settlement date of one prior claim can be considered to raise the issue of litigiousness. As we have indicated, appellant's question to the wife was relevant to determine the extent of any future injury. Since appellant's question concerned only one prior lawsuit, and was relevant, we hold that the question did not impermissibly raise the issue of litigiousness.
In conclusion, the trial court erred in granting appellee's motion for mistrial, and we reverse and remand with instructions to the trial court to reinstate the jury's verdict. See Eley v. Moris, 478 So.2d 1100 (Fla. 3d DCA 1985).
REVERSED AND REMANDED WITH INSTRUCTIONS.
LETTS and HERSEY, JJ., concur.