660 So.2d 1061 (1995)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Linda Sue ORR and Stephen Orr, her husband, Appellees.
Nos. 93-3498 and 93-3541.
District Court of Appeal of Florida, Fourth District.
June 21, 1995.
Rehearing or Clarification and Rehearings Denied October 17, 1995.
*1062 Thomas A. Conrad of Heller & Conrad, P.A., Hollywood, for appellant.
Frank G. Cibula, Jr. of Law Offices of Frank G. Cibula, Jr., West Palm Beach, for appellees.
Rehearing or Clarification and Rehearings En Banc Denied October 17, 1995.
OWEN, WILLIAM C., Jr., Senior Judge.
Linda Sue Orr, alleging permanent injury from an automobile accident, supported her claim of the existence and permanency of injury by expert witness testimony which was based, primarily, on her uncontradicted complaints of pain from soft tissue injury. The question here is whether, in light of our decision in Colvin v. Williams, 564 So.2d 1249 (Fla. 4th DCA 1990), the trial court erred in directing a verdict for Ms. Orr on the issue of permanency of injury. We hold it did not, and affirm.
A directed verdict is proper when the evidence and all inferences therefrom, considered in the light most favorable to the non-moving party, support the movant's case as a matter of law and there is no evidence to rebut it. Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977), cert. denied, 354 So.2d 986 (Fla. 1978). Our task is to first determine whether the evidence supporting Ms. Orr's claim of permanent injury within a reasonable degree of medical probability met that standard. If so, we then need to examine the record to determine if there is any conflicting evidence or inferences on the issue of permanent injury from which the jury could draw a conclusion favorable to the party against whom the directed verdict was entered.
The proof in support of the permanency of Ms. Orr's injury consisted primarily of (1) her own testimony of continuous pain from soft tissue injury,[1] (2) the testimony of several disinterested lay witnesses of her fairly persistent complaints of pain over the five year interval between the date of the accident and the time of trial, and (3) expert medical testimony that, based upon her subjective complaints of pain, she had sustained within a reasonable degree of medical probability a permanent injury from the accident. That proof was adequate, even absent an objective finding. City of Tampa v. Long, 638 So.2d 35 (Fla. 1994). Thus, we need to examine the record for any conflicting evidence or for any basis upon which a jury reasonably could have drawn an inference to support the conclusion that plaintiff had failed to prove this issue.
We know, of course, that under the teaching of Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993), the jury was free to weigh the opinion testimony of the expert witnesses, and either accept, reject or give that testimony such weight as it deserved considering the witnesses' qualifications, the reasons given by the witness for the opinion expressed, and all the other evidence in the case. Since each of the two medical experts based his opinion primarily upon plaintiff's subjective complaints of pain, the jury could reject the expert medical opinion if there is in the record a reasonable basis for the jury to disbelieve the plaintiff's testimony.
We perceive that here is where this case materially differs from Easkold and Colvin (and cases cited therein). In this case, there was neither contradictory nor conflicting expert medical evidence and, aside from the plaintiff's obvious interest in the outcome of the case, there was no evidence such as prior injuries, pre-existing conditions, self-contradictory statements, inaccurate medical history, or impeaching surveillance films, which would furnish the jury a reasonable basis[2] upon which to disbelieve plaintiff's complaints of pain or to reject the opinion testimony of the medical experts.
*1063 This was a true adversary proceeding. The defendant had available to it the extensive discovery procedures allowed by the rules, including its right to have the plaintiff examined by a physician of its choice. Nonetheless, at trial it offered nothing which materially discredited the testimony of plaintiff and the witnesses on her behalf. To the contrary, putting on its best case, it offered only expert medical testimony corroborating that offered by plaintiff concerning the permanency of her injury. Thus, at the close of the evidence, both plaintiff and defendant had offered evidence fully supporting plaintiff's claim of permanent injury.
Easkold and Colvin (and the cases cited therein) each involved some fact basis which could justify a jury in disbelieving the claim of permanent injury. In Easkold, there was evidence that the plaintiff had not accurately reported her medical history to the physicians who offered opinion testimony concerning plaintiff's injuries; in Colvin, there was a history of a pre-existing condition and damaging surveillance films; in Tripp v. Killam, 492 So.2d 472 (Fla. 4th DCA 1986), much of the evidence was ambiguous and uncertain as to the lasting effects; in Laberge v. Vancleave, 534 So.2d 1176 (Fla. 5th DCA 1988), rev. denied, 545 So.2d 1369 (Fla. 1989), there was conflicting testimony by the expert witnesses; in Allstate Ins. Co. v. Edenfield, 543 So.2d 874 (Fla. 4th DCA 1989), there was conflicting evidence on the issue of permanence; and in Powell v. Napolitano, 578 So.2d 747 (Fla. 2d DCA 1991), there was medical testimony that could be perceived as being in conflict.
We know no reason why the law as it pertains to a grant or denial of a motion for directed verdict in cases involving personal injury arising out of automobile accidents should be treated differently than other cases, i.e., when there is no evidence in the record upon which a jury could lawfully return a verdict for the non-moving party. Discerning when that standard has been met is, by the very nature of the evidence involved, more difficult in cases involving soft tissue injury. We adhere to the view expressed in Colvin that in such cases the existence of permanent injury, vel non, is generally a jury question. Nonetheless, where the evidence on the issue of permanency of injury and causation is such that no reasonable inference to be drawn from it would support a jury verdict for the defendant, it is not error to direct a verdict for plaintiff on those issues. For reasons stated above, we think this case is clearly within that category, and affirm.
AFFIRMED.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] The primary objective sign of injury was muscle spasm noted by both her treating physician and by her physical therapist.
[2] Easkold cites Shaw v. Puleo, 159 So.2d 641 (Fla. 1964), which recognized, implicitly if not expressly, that the jury's right to reject opinion testimony could not be arbitrarily exercised but had to be based on certain considerations, including the conflicting evidence.