SHAHOOD, Judge.
We reverse the trial court’s order granting appellee’s motion for new trial finding that the trial court abused its discretion in ordering a new trial after the jury determined that appellee did not sustain a permanent injury within the meaning of section 627.737(2), Florida Statutes (1995).
In this case, the jury awarded appellee (Andrea Perdue) all past medical bills incurred since her car accident, including medical bills incurred from temporomandibular joint surgery (TMJ), but awarded zero for pain and suffering after finding that she did not sustain a permanent injury. In granting her motion for new trial, the trial court concluded that “[hjaving determined that the medical bills related to the temporomandibu-lar joint surgery was a reasonable and necessary expense incurred as a result of the accident, the jury had no choice but to find that the Plaintiff was permanently injured as the uncontradicted medical testimony was that a surgical procedure such as the TMJ surgery performed on the Plaintiff does result in a permanent impairment.”
A review of the record reveals that there was conflicting medical expert opinion with regard to permanency. Appellees contend that notwithstanding appellant’s medical expert’s testimony on direct examination that appellee did not sustain a permanent injury as a result of her automobile accident, his testimony on cross-examination that the TMJ surgery is “rateable as a permanent impairment” was in effect a concession as to permanency as a result of the accident. We disagree. As in Allstate Insurance Co. v. Edenfield, 543 So.2d 874 (Fla. 4th DCA 1989), “we believe a fail’ reading of the expert’s testimony would permit a jury to conclude that the appellee did not suffer permanent effects from her automobile accident.” As such, the jury, as the trier of fact, should have been permitted to resolve this issue. Id. The trial court cannot become the “seventh juror with veto power.” See McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988).
*1072 Accordingly, we direct that the original jury verdict be reinstated.
REVERSED AND REMANDED WITH DIRECTIONS.
STONE and WARNER, JJ., concur.