825 So.2d 487 (2002)
Richard FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1151.
District Court of Appeal of Florida, Fifth District.
August 30, 2002.
*488 Michael C. Nappi of Robert B. Fisher, P.A., Altamonte Springs, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Richard Franklin appeals his conviction for violation of a domestic violence injunction. We affirm.
Franklin was convicted of violating a domestic violence injunction by communicating or contacting his wife Carol Franklin. He was acquitted of aggravated stalking after an injunction, aggravated stalking with a credible threat, and a second count of violating a domestic violence injunction by communicating or contacting. He contends that the court abused its discretion in denying his motions for mistrial after Carol Franklin gave testimony that could have been interpreted to show that Franklin had violent tendencies.
The charges arose out of a telephone call that Franklin made to Carol Franklin at her place of business on 29 March 2000, and at least two calls he made to her at her place of business on 13 June 2000. At this time, the parties were in the midst of their dissolution of marriage case. Under the terms of the injunction that Carol Franklin obtained in the domestic relations case, Franklin was permitted to telephone the children. He was permitted to telephone Carol Franklin if the conversation concerned visitation or emergency issues concerning the children, and if the call was "sterile and focused on" the children. The 29 March call lasted an hour, and besides discussing the children, Franklin discussed various problems he was having. The state's theory was that although the children were mentioned in the conversation, the focus of the call was on Franklin and his problems.
When asked by the prosecutor if she had obtained an injunction to prevent Franklin from contacting her, Carol Franklin testified that she had actually obtained it to *489 prevent him from hitting her. Further, she testified that the function of their children's guardian ad litem was to "protect" the children in connection with visitation, and that the last time Franklin sounded as panicked as he did during the 29 March call, "my house and the [family] business were destroyed." Nothing in the record shows the relevancy of these statements to the charges against Franklin, which were that he violated the terms of the injunction by harassing, threatening, and contacting Carol Franklin.
Although we agree that Carol Franklin's testimony was problematic, we do not think it warrants reversal. The standard of review of the denial of a mistrial was reiterated in Goodwin v. State, 751 So.2d 537 (Fla.1999):
This Court's case law states that a trial court's ruling on a motion for mistrial is subject to an abuse of discretion standard of review. See Cole v. State, 701 So.2d 845, 853 (Fla.1997), cert. denied, 523 U.S. 1051, 118 S.Ct. 1370, 140 L.Ed.2d 519 (1998); Power v. State, 605 So.2d 856, 860 (Fla.1992). Recently we reaffirmed that a motion for mistrial "should be granted only when it is necessary to ensure that the defendant receives a fair trial." Cole, 701 So.2d at 853; see also Terry v. State, 668 So.2d 954, 962 (Fla.1996). We held in Cole that because the complained-of remark "was not so prejudicial as to require reversal," the trial court did not abuse its discretion. 701 So.2d at 853.
Id. at 546-47 (footnote omitted).
Franklin argues that his conviction should be reversed because the offending testimony concerned prior bad acts and was irrelevant and unfairly prejudicial. Character evidence is inadmissible to prove a person acted in conformity with that character trait, section 90.404(1), Florida Statutes, and similar fact evidence is inadmissible when relevant only to prove bad character or propensity, section 90.404(2)(a), Florida Statutes. See also Keen v. State, 504 So.2d 396, n. 4 (Fla. 1987) (testimony about prior attempted murder invited jury to infer that defendant acted in conformity with his propensity for killing young women), disapproved on other grounds, Owen v. State, 596 So.2d 985 (Fla.1992). In the instant case, however, Franklin was convicted of improperly contacting Carol Franklin. The gravamen of this crime was that he failed to remain "sterile and focused" on visitation or emergency issues when he called Carol Franklin, and any suggestion that Richard had a propensity to be violent did not suggest that he failed to remain "sterile and focused." If the jury had been improperly influenced by the inadmissible testimony, the influence would have affected the stalking counts, which contain an element of maliciousness, rather than either of the improper contact counts. Accordingly, although the evidence was not properly introduced, it "was not so prejudicial as to require reversal," Goodwin, 751 So.2d at 547, and therefore the trial court did not abuse its discretion in denying the motions for mistrial.
Franklin also complains about the prosecutor's having told the jury in his opening statement that one of the Franklins' children had been killed in a traffic accident. Assuming that this issue has been preserved,[1] we think no reversible *490 error has been shown. After an objection by defense counsel, the trial court told the prosecutor to "[m]ove on," and there was no further reference to this unfortunate fact. We find no reversible error because the reference was isolated and not focused upon. Compare, Cole v. State, 701 So.2d 845 (Fla.1997) (no abuse of discretion in denial of mistrial where witness alluded to defendant's prior criminal record, but reference was isolated and inadvertent and not focused upon).
Finally, Franklin contends that the court abused its discretion in denying his request to instruct the jury on the definition of "willfully." The jury was instructed that in order to find Franklin in violation of the injunction by communicating or contacting, the state had to prove that he "willfully" violated the terms of the injunction by telephoning, contacting, or otherwise communicating with Carol Franklin. Defense counsel asked the court to instruct the jury that "willfully" meant "intentionally, knowingly, and purposely," but the court declined the request. A conviction will not be reversed merely because an instruction which might have been proper was not given. Cronin v. State, 470 So.2d 802 (Fla. 4th DCA 1985). Further, the failure to give a requested instruction will not result in reversal where, taken as a whole, the instructions actually given are clear, comprehensive, and correct. Maynard v. State, 660 So.2d 293 (Fla. 2d DCA 1995). Jury instructions that track the statutory language are generally not erroneous. Bohannon v. Thomas, 592 So.2d 1246, 1248 (Fla. 4th DCA 1992). Although some jury standard instructions, such as the instruction for criminal mischief, see Fla. Std. Jury Instr. (Crim.) 12.4 (2002), contain the definition of "willfully" proffered by the defense, the trial court did not abuse its discretion in failing to give the proffered instruction. First, the meaning of "willfully" is self-evident, so the words "intentionally, knowingly, and purposely" do not substantially improve the instructions. Further, Franklin was acquitted of three counts that also had the "willfully" element, which shows that any abuse of discretion in failing to give the instruction was harmless.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] See e.g. LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA 1978) (failure to secure ruling on objection waives it, unless court deliberately and patently refuses to rule); but cf. Colvin v. Williams, 564 So.2d 1249 (Fla. 4th DCA 1990) (it is sufficient for party to raise objection; party cannot be faulted if court's response to objection is something other than a clear "sustained" or "overruled").