MONACO, J.
Gary B. Bowhey appeals the judgment and sentence imposed as a result of his convictions for resisting a law enforcement officer with violence, attempting to deprive an officer of protection and/or communication, two counts of battery on a law enforcement officer, and violation of an injunction. He was acquitted of a charge of abusing a disabled adult. He asserts, first, that the trial court conducted an improper Nelson[1] inquiry when he sought to dismiss his counsel, and, second, that the court erroneously allowed Williams[2] rule evidence to come before the jury. We affirm.
Under the particular facts of this case a more extensive Nelson inquiry was not necessary. Mr. Bowhey’s written complaints about his appointed attorney were contained on a printed form, and were non-specific in their character. The form listed such things as “irreparable differences,” and “lack of communication” as grounds for the motion. The trial judge conducted an inquiry in an attempt to understand the particular nature of the concerns Mr. Bowhey expressed in writing, but he was largely unsuccessful. The Supreme Court has consistently held that a Nelson hearing is unnecessary when a defendant presents general complaints about defense counsel’s trial strategy, and no formal allegations of incompetence are made. See, e.g., Morrison v. State, 818 So.2d 432 (Fla.), cert. denied, 537 U.S. 957, 123 S.Ct. 406, 154 L.Ed.2d 308 (2002); Davis v. State, 703 So.2d 1055 (Fla.1997), cert. denied, 524 U.S. 930, 118 S.Ct. 2327, 141 L.Ed.2d 701 (1998); Branch v. State, 685 So.2d 1250 (Fla.1996), cert. denied, 520 U.S. 1218, 117 S.Ct. 1709, 137 L.Ed.2d 833 (1997). Similarly, a lack of communication between the defendant and counsel is not a ground for a claim of incompetency. See Morrison; Watts v. State, 593 So.2d 198 (Fla.), cert. denied, 505 U.S. 1210, 112 S.Ct. 3006, 120 L.Ed.2d 881 (1992). Thus, for the most part, Mr. Bowhey’s written reasons for dissatisfaction with his counsel did not trigger the need for a Nelson inquiry.
The judge through his questioning did learn that Mr. Bowhey wanted a transcript of a 911 tape, but that his counsel had provided a copy of the actual 911 tape to him. Mr. Bowhey seems to have believed that the tape was altered. He later acknowledged, however, that he did not know whether or not the tape had been tampered with. Mr. Bowhey also orally expressed some vague and generalized concern to the effect that he thought his counsel might not like representing a person who was accused of fighting with the police. The court inquired of appointed counsel if he had any cases in which he was required to cross-examine police officers and to “go after” them on the witness stand, and counsel pointed out that he had defended “hundreds” of cases, and that nearly all required confrontation of police witnesses. It appears to us that the trial judge addressed both issues, made the necessary inquiries, and properly concluded that the concerns voiced by Mr. Bow-hey did not reflect a reasonable cause to believe that his counsel was not rendering effective assistance. See Watts.
Beyond these allegations, Mr. Bowhey just appeared to be basically unhappy with the attorney assigned to him; in his words, he was “very uncomfortable with him.” As the Supreme Court has observed, “a judge’s inquiry into a defendant’s complaints of incompetence of counsel can only be as specific and meaningful as the defen *512 dant’s complaint.” Lowe v. State, 650 So.2d 969 (Fla.1994), cert. denied, 516 U.S. 887, 116 S.Ct. 230, 133 L.Ed.2d 159 (1995). Mr. Bowhey’s discomfort does not amount to a particularized allegation of incompetence, and his more specific concerns are insufficient to require appointment of new counsel. Under the circumstances, we conclude that an adequate inquiry was conducted by the court.[3]
As to the second point on appeal, we have concluded that any Williams’ rule violation was harmless beyond a reasonable doubt. See Williams v. State, 863 So.2d 1189 (Fla.2003). We note that the contested evidence involved the count charging abuse of a disabled adult, and the jury found Mr. Bowhey not guilty of that charge. The evidence regarding the charges of violence against law enforcement officers was overwhelming. See Franklin v. State, 825 So.2d 487 (Fla. 5th DCA 2002).
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).

. Although, not required, we have reviewed the transcript of the trial, and found that appointed counsel presented a competent, spirited and effective defense, and gained an acquittal of one of the counts against the appellant.