RAMIREZ, J.
Laura and Michael Demchak appeal the trial court’s final judgment for fraudulent misrepresentation and breach of contract after a jury verdict, and the denial of their motion for directed verdict as to the fraudulent inducement claim. Because we conclude that there was no evidence to support part of the award, we reverse in part, but otherwise affirm the denial of the motions.
This appeal arises out of a dispute between two parties who purchased property in Key West, with the intent to renovate it, and “flip” it for sale at a profit. After Hurricane Wilma, the real estate market took a downturn, the project ran out of money, and the house remained unsold. Elaine Davia and her husband, John Michael Piranio, brought suit against Laura and Michael Demchak seeking money damages. The lawsuit ultimately proceeded to trial on counts II (fraud in the inducement) and III (breach of contract) against the Demchaks.
The facts developed at trial were that, in May of 2004, the Piranios entered into an oral agreement with the Demchaks to purchase and resell the property located at 1327 White Street, Key West. Viewing the evidence in the light most favorable to the non-moving party, see Posner v. Walker, 930 So.2d 659, 665 (Fla. 3d DCA 2006), the Piranios were supposed to invest $450,000, and the Demchaks $1 million in the project. In consideration for the investment of $450,000, the Demchaks signed a promissory note to Davia in that amount, which was to be repaid from the sale proceeds of the property. Accordingly, Davia transferred $450,000. The Piranios were to be installed as officers of the corporation 1327 White Street, Inc. and receive 31% ownership of stock based on the parties’ respective investment into the startup capital of the corporation. On November 8, 2004, the corporation took title to the property.
Instead of investing the agreed-upon sum, the Demchaks borrowed $1 million from TIB Bank using the corporate property as collateral. The Piranios knew nothing of this and would not have entered into an agreement had they known this fact. Additionally, the Demchaks presented themselves to TIB Bank as if they were the only purchasers in the subject property-
Davia liquidated all of the equity in her home to provide her portion of the investment. The Demchaks used their $450,000 for the down payment on the $1 million loan and represented to the bank that the $450,000 was their own. Also unbeknownst to the Piranios, the Demchaks borrowed another $213,000 against the White Street property and deposited $35,000 of the $213,000 into their own personal accounts. On June 30, 2005, the Demchaks placed another $75,000 in the corporate account as a result of another loan.
After Hurricane Wilma, although the house sustained no damages, the bank advised the parties that the property had gone down in value. Because the Demc-haks could not continue to pay two mort *255 gages, they sold their own home and moved into the 1327 White Street home. The Demchaks arranged for periodic work to be done on the house, but when the receipts were presented to the Piranios, the Piranios claimed they were “bogus” and refused to spend any more money. The parties agreed to list the house for $2.55 million. The Piranios then filed this lawsuit. The house did not sell and, at the time of the trial, the house had no value beyond the balance owed on the TIB mortgage. The jury awarded the plaintiffs $450,000 for both counts and $75,000 for breach of contract. The trial court entered final judgment in favor of the Piran-ios: $660,846.58 for fraudulent inducement and $110,097.95 for breach of contract, both of which included prejudgment interest. The Demchaks moved for directed verdict on count II (fraud in the inducement). The trial court denied their motion.
The standard of review on appeal of the trial court’s ruling on a motion for directed verdict is de novo. Health Options, Inc. v. Palmetto Pathology Servs., P.A., 983 So.2d 608, 613 (Fla. 3d DCA 2008). “A party moving for a directed verdict admits the truth of all facts in evidence and every reasonable conclusion or inference which can be drawn from such evidence favorable to the non-moving party.” Wald v. Grainger, 64 So.3d 1201, 1205 (Fla.2011); Williamson v. Superior Ins. Co., 746 So.2d 483, 485 (Fla. 2d DCA 1999). A directed verdict is proper when the evidence and all inferences from the evidence, considered in the light most favorable to the non-moving party, support the movant’s case as a matter of law and there is no evidence to rebut it. State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d 1061, 1062 (Fla. 4th DCA 1995).
Applying these standards, we conclude that there was ample evidence to support the jury’s verdict on the $450,000 for either count. There is no evidence, however, to justify the jury award of $75,000. The only evidence regarding this sum was that the Demchaks had agreed to contribute an additional $75,000 to address the shortfall of funds needed to complete the project. If the Demchaks had done that, perhaps the property could have been sold and the plaintiff could have recovered their investment. The failure to make the additional contribution may have made the project more likely to fail, but it did not increase the damage suffered by the Pi-ranios.
We thus affirm the award of $660,846.58 for fraudulent inducement, but reverse the award of $110,097.95 for breach of contract.
Affirmed in part; reversed in part.
SALTER, J., concurs.