679 So.2d 1316 (1996)
Daniel HARDEE, Appellant/cross-appellee,
v.
CUNNINGHAM & SMITH, INC., a Florida corporation, Appellee/cross-appellant.
No. 94-1932.
District Court of Appeal of Florida, Fourth District.
October 2, 1996.
*1317 William S. Frates, II and Stephanie Collison of William S. Frates, II, P.A., Vero Beach, for appellant/cross-appellee.
James B. Thompson and Rebecca Sandefur of The Thompson Law Group, P.A., St. Petersburg, for appellee/cross-appellant.
KLEIN, Judge.
Plaintiff was stabbed, beaten and robbed while washing his car at a self-service car wash around 8:00 p.m. on a March evening. He brought this suit against the car wash for failing to provide adequate security and failing to warn customers about criminal activity on its property and in the area. The jury found the defendant negligent, but also found plaintiff 68% comparatively negligent, and plaintiff appeals, arguing that the issue of comparative negligence should not have been submitted to the jury, or in the alternative, the comparative negligence finding was contrary to the manifest weight of the evidence. We affirm.
The car wash, on U.S. 1 in Vero Beach, had no employees or security personnel on the premises at the time of the incident. The owner, who admitted having knowledge of three or four prior attacks on the premises, including a stabbing/robbery five days before the attack on plaintiff, does not contest on this appeal that there was sufficient notice of crime from which the jury could have found the defendant negligent.
Plaintiff complains about the finding of comparative negligence, arguing that there was no evidence that plaintiff had actual knowledge of criminal activity of the type which befell him at the car wash. Plaintiff had lived in Vero Beach for over twenty years and had been to the car wash, which was on a main thoroughfare, approximately thirty times. Although plaintiff professed to have no knowledge of the danger, the evidence plaintiff presented to establish defendant's liability included drug trafficking and prostitution, as well as violent crime. This evidence, some of which had been publicized in the media, could well have convinced the jury that the plaintiff himself could not have been entirely ignorant of the danger.
Neither party has cited any case which decides whether a patron of a business located in an area such as this can be held comparatively negligent for simply going there.[1] The closest case cited by the defendant is Green Cos. v. Divincenzo, 432 So.2d 86 (Fla. *1318 3d DCA 1983), in which plaintiff was attacked in his office in an office complex, after hours. He had been alone in his office, had left it with the door unlocked in order to use the bathroom across the hall, and on returning was attacked by an unknown assailant. The jury found the landlord 75% at fault and the plaintiff 25% at fault, and the court affirmed the latter finding because plaintiff had left his office unlocked and unattended.
In considering plaintiff's motion for directed verdict on the issue of comparative negligence, we review the facts in a light most favorable to the defendant. Bradley v. Peaden, 347 So.2d 455 (Fla. 1st DCA 1977). Here, plaintiff elected to use a self-service car wash which had no employees on the premises at night, in an area known to have criminal activity. We conclude that the plaintiff, under these specific facts, can be held responsible for his own conduct. A jury should be allowed to determine whether his decision to wash his car then and there was negligence.
In the usual premises liability case, involving dangerous conditions such as slippery floors or step-downs in unexpected places, the owner has far more control over the danger than in a case involving a criminal attack by a third person. Crime is a problem for everyone, not just business owners and their patrons. As our supreme court once observed in regard to another societal problem:
One of the most pressing social problems facing us today is the automobile accident problem, for the bulk of tort litigation involves the dangerous instrumentality known as the automobile. Our society must be concerned with accident prevention and compensation of victims of accidents.
Hoffman v. Jones, 280 So.2d 431, 436 (Fla. 1973)
While we are certainly concerned with compensating victims of crime, as the supreme court pointed out in Hoffman, prevention is also an admirable goal. Allowing the jury to determine whether plaintiff should share some of the responsibility for his injuries because of his decision to patronize this unattended car wash under these circumstances could have that desirable effect. It is not entirely unlike making automobile accident victims responsible for their own behavior in failing to buckle up, even though they did not cause the accident. Insurance Co. of N. Am. v. Pasakarnis, 451 So.2d 447, 453 (Fla.1984).
We thus conclude that the court did not err, on these facts, in submitting the issue of plaintiff's comparative negligence to the jury. We also find no abuse of discretion in the denial of plaintiff's motion for a new trial on the ground that the finding of plaintiff's comparative negligence was contrary to the manifest weight of the evidence. We have considered the other issues raised and find them to be without merit.
STONE, J., and MAY, MELANIE G., Associate Judge, concur.
NOTES
[1] In Boren v. Worthen National Bank of Arkansas, 324 Ark. 416, 921 S.W.2d 934, 942 (1996), the majority held that a bank had no duty to protect the plaintiff who was shot and robbed at a drive-through type automated machine at 9:00 p.m., after the bank was closed, because there had only been one prior incident at the machine. The dissent disagreed, but recognized that the plaintiff:

bears a substantial responsibility for her own safety in using an ATM during off-hours. And a jury might well find that a bank is not predominantly liable for injury caused by a criminal act at an ATM because the danger was known or obvious.