WARNER, Judge.
This case arises from an attack on appel-lee/wife during her stay at the appellant/hotel in West Palm Beach. The hotel appeals, claiming that the trial court erred in granting appellees’ motion for directed verdict on comparative negligence, denying appellant’s motion for directed verdict on liability, and refusing to permit apportionment between the hotel and the perpetrator of the attack. We affirm the final judgment in all respects but certify conflict with the Third District Court of Appeal on the apportionment issue.
The appellee/wife was visiting the United States alone and was staying at appellant’s hotel in a two-room suite. Her room was in a mini-corridor off the main corridor from the other hotel rooms. When she returned from a shopping trip at approximately 9:30 p.m., she got off the elevator, turned to her right, and saw a man standing in the mini-corridor leading to her room. The man had a clean appearance and was dressed neatly. She walked past him to get to her room and then turned to see if he was walking away. At that point, the man pointed a gun at her, forced her into her room, robbed her, and raped her.
The appellees presented security experts who testified that the appellant was on notice of a very serious security problem, based on the occurrence of fifty-six crimes on the premises in the past two and one-half years, including robberies. However, none of those crimes took place in the room corridors. Nevertheless, the experts testified that the appellant failed to meet the standard of care with regard to security in the hotel industry due to its failure to take adequate security precautions.
The defense expert disagreed, based on his belief that the armed sexual battery and robbery were not reasonably foreseeable, and, even if foreseeable, were not preventable. He opined that the appellant exercised reasonable and adequate care and was not at fault for the incident.
The trial court granted the appellees’ motion for directed verdict on comparative negligence and denied appellant’s motion for directed verdict on liability. The jury found the appellant negligent and awarded the ap-pellee/wife $200,000 for past pain and suffering and $200,000 for future pain and suffering, plus damages for stolen property and the appellee/husband’s loss of consortium.
The facts in evidence do not support appellant’s theory as to why the appellee/wife was guilty of comparative negligence. Appellant contends that the appellee/wife was able to see the attacker from the relative safety of the elevator. As such, according to appellant, the appellee/wife should not have exited the elevator, but instead should have gone back to the lobby to report the suspicious activity. However, appellee/wife testified that when she got off the elevator, she had to turn right to get to her room. Looking at the police photographs from the scene, it is evident that the mini-hallway to appel-lee/wife’s room was not visible from the safety of the elevator. In order to see her attacker, appellee/wife would have to exit the elevator and turn the corner to her room. Furthermore, even appellant’s expert testified that he did not believe that appellee/wife was at fault. Moreover, nothing the perpetrator did indicated the presence of danger to the appellee/wife. The reality of hotel accommodations makes it impractical to establish a rule that a guest must take precautions *169 against anyone that he or she meets in the public hallway of a hotel.
Given this evidence, the trial court was correct in granting a directed verdict on the comparative negligence issue. The evidence and all inferences therefrom, viewed in the light most favorable to the appellant, supported the position that the appellant failed to prove comparative negligence. See State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d 1061 (Fla. 4th DCA 1995). The appellant relies on cases which are distinguishable. In Green Companies v. DiVincenzo, 432 So.2d 86 (Fla. 3d DCA 1983), a victim was assaulted in his office, which he had momentarily left unlocked and unattended sometime after 6 p.m., even though the main entrance to the building was not locked until 7 p.m. The court concluded that leaving an unlocked, unattended office in Dadeland Towers could be considered comparative negligence. The appellee/wife in the instant case did not leave her hotel room door unlocked. In Hardee v. Cunningham & Smith, Inc., 679 So.2d 1316 (Fla. 4th DCA 1996), this court held that the issue of comparative negligence could be submitted to the jury where the victim was assaulted at night at a car wash which he should have known was in an area of criminal activity. It is undisputed in the instant case that the appellee/wife had no knowledge of crime in the area of on the hotel premises.
Appellant also claims that it was entitled to a directed verdict because there was no competent substantial evidence of the foreseeability of a criminal attack like the one on appellee/wife that would support its duty to take better security measures. However, we think the issue of foreseeability goes to proximate cause, rather than duty, in this case and was a question for the jury. See Springtree Properties, Inc. v. Hammond, 692 So.2d 164 (Fla.1997); McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992); Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA), dismissed, 589 So.2d 291 (Fla.1991).
In regard to appellant’s claim that the trial court erred in granting the appellees’ motion for partial summary judgment as to appellant’s affirmative defense of negligence of a third party, and by refusing to permit the jury to apportion the negligence between the appellant and the perpetrator, we affirm based on Slawson v. Fast Food Enterprises, 671 So.2d 255 (Fla. 4th DCA), rev. dismissed, 679 So.2d 773 (Fla.1996). Accord Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA 1996), rev. granted, 687 So.2d 1304 (Fla.1996). We certify conflict with Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940 (Fla. 3d DCA), rev. granted, 683 So.2d 485 (Fla. 1996).
Affirmed; conflict certified.
SHAHOOD and GROSS, JJ., concur.